**KAWASAKI MOTORS CORPORATION, U.S.A. and Kawasaki Heavy Industries, Ltd., Petitioners,**

v.

**Kim Y. THOMPSON, Individually and as Next Friend of Matthew E. Thompson, Minor, and as Personal Representative of the Estate of John Eric Thompson, Deceased, Respondent.**

No. D–2245.

Supreme Court of Texas.

March 9, 1994.

---

25. *See supra* note 16.

E. Glen Johnson, Dee J. Kelly, Jr., Fort Worth, for petitioners.

David L. Whaley, Keller, J. Don Gordon, Sherman, Clyde M. Siebman, Plano, for respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, in which all Justices join.

The issue presented is whether the court of appeals erred in reversing the trial court's decision to let two expert witnesses testify despite plaintiff's objection that they had not been properly designated before trial. We hold that, under the facts of this case, plaintiff did not maintain a valid discovery request regarding defendants' expert witnesses. Therefore, without reaching the issue of whether good cause would have existed to allow the two experts to testify had they not been properly designated, we reverse the judgment of the court of appeals, 824 S.W.2d 212, and render judgment that respondent take nothing from petitioners.

This is a wrongful death case. Kim Young Thompson ("Thompson"), acting individually and in representative capacities, sued Kawasaki Motors Corporation, U.S.A. ("KMC"), Kawasaki Heavy Industries, Ltd. ("KHI") (collectively "Kawasaki" or "the Kawasaki defendants"), and Gainesville Cycles Company ("Gainesville"), for the death of her husband, John Eric Thompson. The decedent was operating a Kawasaki motorcycle when he was involved in the accident which caused his death.

Thompson's First Set of Interrogatories to the Kawasaki defendants, consisting of some 140 separate interrogatories, required answers to more than 300 separate questions.[1] The Kawasaki defendants filed objections to certain of those interrogatories, including Interrogatory no. 21, which sought information regarding the identity, location and opinions of expert witnesses. They objected to Interrogatory no. 21 "to the extent that this interrogatory calls for discovery of information broader than that described in Tex.R.Civ.P. 166b(2)(e)."

On the same day that they filed their objections, the Kawasaki defendants also filed a Joint Motion For Protective Orders, asking the court to protect them from "undue burden, unnecessary expense, harassment and annoyance" as a result of Thompson's interrogatories. The movants specifically requested that the court, upon final hearing, enter protective orders providing:

1. That the subject matter of Plaintiff's Interrogatories be limited to be in accordance with the Texas Rules of Civil Procedure; and

2. That further discovery be undertaken only by such method and upon such terms and conditions as directed by the Court; and

3. That certain results of discovery be sealed or otherwise adequately protected, its distribution limited, and its disclosure restricted; and

4. For such other and further relief required to prevent Movants from being subjected to undue burden, annoyance, harassment and unnecessary expense.

Prior to the hearing on the motion for protective orders, however, KMC filed answers to Plaintiff's First Set of Interrogatories. In answer to Interrogatory no. 20, which asked whether KMC had retained or employed any experts, KMC stated that "no such expert has been designated at this time." In answer to Interrogatory no. 21, KMC referred Thompson to its prior objection and to its answer to Interrogatory no. 20. KHI, having received an extension of time to answer from Thompson, did not file answers to the first set of interrogatories prior to the hearing on the Kawasaki defendants' motion for protective orders.

At that hearing, Kawasaki's counsel announced to the Court that the parties had "reached an agreement to the granting of the

1. Prior to serving these interrogatories, Thompson's Motion To Enlarge Number of Interrogatories was granted by the trial court.

Joint Motion for Protective Order and the objections in lieu of those interrogatories described in the following agreement regarding discovery, and [the Kawasaki defendants] agree to respond in the following way to the following discovery...." Counsel then enumerated the 28 items which Kawasaki agreed to identify. Expert witness discovery was not included in the 28 items. Thompson's attorney then informed the trial court on the record that Kawasaki's recitation of the agreement "[is] our understanding of the agreement, Your Honor."

After the agreed order was approved by the trial court, Kawasaki consistently took the position in pre-trial discovery that the 28 items in that order replaced the original 140 interrogatories contained in the first set. After the court approved the order, Kawasaki never answered *any* of the original 140 interrogatories except those incorporated into that order.[2] Approximately six weeks after the hearing, Kawasaki filed "Responses of [KMC and KHI] To Plaintiff's First Set of Interrogatories as Modified By the Agreed Order of the Court" which responded only to the 28 agreed upon discovery items.[3] Kawasaki later filed an unsworn Written Designation of Experts, identifying Jon McKibben ("McKibben") and Dr. Harry Hurt ("Hurt") as experts.

Thompson's position was not as clear. After receiving the written designation, she filed a Second Set of Interrogatories, which sought information concerning fact witnesses but not experts. Later, Thompson filed a New Request For Supplemental Responses To Previous Requests For Discovery And Supplemental Requests For Discovery, which specifically asked Kawasaki to respond to her requests for discovery regarding experts.[4] However, in a motion for sanctions she subsequently filed against Kawasaki, Thompson described for the court the history of the contested discovery, stating that the parties had "entered into an Agreed Protective Order in which Defendant KMC agreed to respond in the following way *to Plaintiff's initial discovery...."* (Emphasis added.) Thompson then recited the 28 agreed discovery items, making no mention of expert witnesses or of outstanding interrogatories not encompassed by the agreed order.

Kawasaki later answered the second set of interrogatories, indicating again that McKibben and Hurt were "KHI expert[s]" and providing their current addresses. Later, approximately one year before trial, McKibben and Hurt were deposed. Moreover, during voir dire of the jury, Thompson's own counsel identified Jon McKibben as "an expert witness in this case."

During the trial, however, Thompson objected to the introduction by Kawasaki of McKibben and Hurt as expert witnesses on the grounds that her interrogatories had not been properly answered and supplemented. Kawasaki argued to the court the basis for its position that after the agreed order was approved, there were no interrogatories concerning experts. The trial court noted that Kawasaki had designated its experts in writing and Thompson had deposed them. The trial court then overruled Thompson's objection, holding that there was "good cause" to allow the testimony of the two Kawasaki experts. Both KMC and Gainesville were granted directed verdicts at the close of plaintiff's case, and the trial court rendered judgment in accordance with the jury's verdict that plaintiff take nothing against KHI.[5]

---

2. Thus, KHI never formally answered either of the two interrogatories of the original 140 which related to experts, and KMC did not supplement its interrogatory answer that KMC had not yet retained any experts.

3. Kawasaki filed similarly styled supplemental responses as well.

4. This document, which requested that Kawasaki "supplement their answers and responses to *all discovery* (depositions, interrogatories, requests for production and agreed protective orders),"

also specifically asked Kawasaki to divulge all information obtained since answering any prior request, upon the basis of which Kawasaki knew that the original response was now incorrect, incomplete or misleading.

5. At the hearing on Thompson's motion for a new trial, in which her objection to the experts' testimony was reurged, the trial court stated that "[i]f this ... is not good cause, then the Supreme Court should quit telling trial courts that we have some discretion in the matter."

The court of appeals reversed the trial court's judgment, holding that the agreed protective order did not modify interrogatories 20 and 21, and that Kawasaki did not show good cause for failing to properly answer and supplement the two interrogatories so as to allow the testimony under TEX. R.CIV.P. 215(5).[6]  824 S.W.2d at 216–17.

Kawasaki appeals to this Court, arguing initially that the 28 discovery items it agreed to identify in the agreed order replaced all 140 interrogatories in Thompson's First Set of Interrogatories.  Although Thompson never requested a hearing on Kawasaki's objection to Interrogatory no. 21, never sought to compel Kawasaki to answer the expert witness interrogatories before trial, and never raised an issue as to any other of the unanswered interrogatories from her original first set, she nevertheless contends that the agreed order created 28 new items of discovery in lieu *only* of those of the original 140 interrogatories which were encompassed within the subject areas covered by the 28 item order.  Because those 28 items did not include expert witness discovery, Thompson argues that the two expert witness interrogatories contained in the first set continued to be "live interrogatories" even after the court approved the agreed protective order.  Therefore, because Kawasaki failed to properly answer and supplement those interrogatories, the trial court erred by not excluding McKibben and Hurt as witnesses at the trial under Rule 215 of the Texas Rules of Civil Procedure.

We disagree.  We believe it clear that Kawasaki's Joint Motion For A Protective Order sought relief from the entire First Set of Interrogatories.  The parties stipulated in response to that motion that Kawasaki would identify 28 discovery items.  Thompson agreed to this stipulation, and the court approved the agreed order.  Under the circumstances presented here, we hold that the trial court's agreed order modified the first set of interrogatories to include only the discovery contemplated by the particular items set out in the order.  As a result of the order, there

was no operational interrogatory concerning expert witnesses to which Kawasaki was under a duty to respond.  *See Ginsberg v. Fifth Circuit Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985); *Bruner v. Exxon,* 752 S.W.2d 679, 682 (Tex.App.—Dallas 1988, writ denied).

Accordingly, without reaching the issue of whether good cause might have existed for Kawasaki to call witnesses that were not properly designated, we reverse the judgment of the court of appeals and render judgment that respondent take nothing from petitioners.

---

6.  Under Tex.R.Civ.P. 215(5), a party who fails to respond to or supplement his response to a discovery request relating to the identification of expert witnesses shall not be entitled to offer the testimony of those witnesses unless the trial court finds good cause.