**M.A.W., M.D., Relator**

v.

**The Honorable Richard HALL, Judge, 270th Judicial District, Harris County, Texas, Respondent.**

No. 14–95–01232–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1996.

---

T. Marc Calvert, Andrea I. Schwab, Houston, for appellants.

Jim M. Perdue, Jo Ann Bennett, Kevin Baucom, Denice Smith, Houston, for appellees.

Before HUDSON, FOWLER and EDELMAN, JJ.

## OPINION

FOWLER, Justice.

In this original proceeding, relator, M.A.W.[1], M.D., seeks a writ of mandamus ordering the trial judge to retrieve allegedly privileged medical records released to the real parties in interest, to prohibit use of this information in all proceedings, and to order all persons who viewed the records to disregard the information and not to disclose it. Alternatively, relator seeks issuance of the writ to require the judge to retrieve the records, to redact all entries unrelated to substance abuse, to prohibit the use of this information, and to order all persons to disregard this information and not to disclose it. We conditionally grant relator's petition for writ of mandamus.

The real parties in interest, Christine and Joseph Welsh, filed suit against relator for medical malpractice. In their fourth amended original petition, plaintiffs pled that relator may have been under the influence of controlled substances and/or alcohol at the time he provided medical care to Christine

1. At the relator's request, we are using relator's initials, rather than his full name.

Welsh. Plaintiffs then propounded interrogatories and a request for production seeking information relating to relator's alleged substance abuse. Relator claimed the Fifth Amendment privilege, physician/patient privilege, and right to privacy, arguing that these requests were not reasonably calculated to lead to discovery of admissible evidence.

Plaintiffs filed a motion to compel and a notice of intention to take the deposition by written question of the custodian of records for Donald Hauser, M.D., relator's psychiatrist. Relator filed a motion to quash this deposition. The judge held a hearing on both the motion to compel and the motion to quash. At this hearing, relator provided the medical records of Dr. Hauser for *in camera* review.

Relator's counsel states that on October 11, 1995, he learned by telephone conference that the judge might release part of the *in camera* records with a confidentiality agreement and protective order signed by all counsel. The Welsh family disputes this account and maintains that the judge stated he *would* release the records. Regardless of which contention is accurate, a confidentiality agreement was signed by all counsel. The judge then released four copies of the *in camera* medical records to plaintiffs' counsel on October 17, 1995 without ruling on the motion to compel or motion to quash. On October 18, 1995, relator filed a motion for rehearing and objection to the release of records of Dr. Hauser. Plaintiffs filed a response on the day of the hearing, October 19, 1995. The judge signed an order denying relator's motion and objection later the same day. On October 19, 1995, the judge also signed an order denying relator's motion to quash.

■ Relator contends the trial court abused its discretion in releasing the privileged *in camera* records. Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker*, 827 S.W.2d at 840.

■ In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker*, 827 S.W.2d at 842. The appellate remedy may be inadequate in three situations: (1) when the appellate court cannot cure the trial court's discovery order, such as where the trial court orders disclosure of privileged documents; (2) where the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, thereby precluding appellate review. *Id.* at 843.

■ Privileged medical records may be discovered if the party seeking the records meets the exception described in *R.K., M.D. v. Ramirez*, 887 S.W.2d 836 (Tex.1994). Exceptions to the medical and mental health privileges apply when "(1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some legal significance." *Id.* at 843. Both parts of the test must be met and, even then, the judge must perform an *in camera* inspection to properly balance competing interests. *Id.* The trial court must ensure that production is no broader than necessary. *Id.* Thus, even if a condition is part of a

party's claim or defense, the records should be disclosed only to the extent necessary to provide evidence relevant to the condition alleged. *Id.* Furthermore, the records disclosed must be closely related in time and scope to the claims made to prevent unnecessary invasion into private affairs. *Id.* When a document contains information meeting this standard, any other information in the document not meeting this standard must be redacted or otherwise protected. *Id.*

*Ramirez* was a medical malpractice case in which the plaintiffs alleged the doctor had a medical and emotional condition that affected his care of a patient. *Id.* at 839. The doctor pled the physician-patient and mental health information privileges. *Id.* The trial judge released the records in their entirety. *Id.* The supreme court conditionally granted writ of mandamus, finding the production ordered by the trial judge was overly broad and that some of the information was irrelevant to the condition at issue. *Id.* at 844. As to the irrelevant portions of the documents, the supreme court instructed the trial court to redact or delete the irrelevant, privileged portions. *Id.*

■ The Welsh family has pled that relator may have been under the influence of alcohol or controlled substances when he provided medical care to Christine Welsh. Based on the test set out in *Ramirez* and our review of the records, we find the information contained in the *in camera* records relevant to relator's claim of negligence while under the influence of controlled substances or alcohol. We further find that the Welsh family is relying on relator's condition of substance abuse as part of their claim. Thus, we find the exception to the physician/patient privilege and the mental health privilege applies to the portion of the *in camera* records concerning substance abuse.

The portion of the records unrelated to substance abuse, however, is irrelevant to any claim by the plaintiffs. Therefore, the exception does not apply and this portion of the records remains privileged.

■ The Welsh family (real parties in interest) argues that relator waived any objection or acquiesced in the release of the docu-

ments. The Welsh family first argues that relator waived any right to complain of the release of the records by his complacency. Specifically, the Welsh family asserts that relator did nothing to prevent release of the records from October 11, 1995 (the date the judge said he would or might release the records with a protective order) to October 16, 1995 (the date the records were released). During this period, relator also signed the agreed protective order.

In support of this argument, the Welsh family cites *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442 (Tex.App.—El Paso 1995, orig. proceeding); *Rivercenter Associates v. Rivera*, 858 S.W.2d 366 (Tex. 1993); *Bailey v. Baker*, 696 S.W.2d 255 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding); and *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793 (1941).

These cases stand for the proposition that one who is guilty of laches will not be granted mandamus relief. In *Callahan*, the relator waited fifteen years to complain of a sale of land to another party. 155 S.W.2d at 795. In *Rivercenter*, a lessor waited over four months after the lessee filed a jury demand to assert possible rights under the jury waiver provision of a lease. 858 S.W.2d at 367. In *Bailey*, the relator waited almost four months to file a mandamus regarding a protective order. 696 S.W.2d at 256. In *Furr's Supermarkets*, the relator waited approximately four months after the ruling made in open court. 897 S.W.2d at 443.

These cases do not support a finding that relator is guilty of laches simply because relator did not make any objections during the five day period between the day the court said he might or would require disclosure and the date he actually ordered disclosure of the *in camera* records. Relator had tendered the documents to the judge *in camera*, had asserted privileges, and filed a motion to quash. The agreed protective order does not provide for release of the documents or state that relator agrees to release of the records. Instead, it merely outlines the procedure for limiting disclosure of the documents eventually released. The record does not establish that relator is guilty of laches.

The Welsh family next argues that relator waived any objections by disclosing the documents, citing *Granada Corp. v. First Court of Appeals,* 844 S.W.2d 223 (Tex.1992). *Granada* involved an alleged involuntary production and distinguishes inadvertent from involuntary production. Inadvertent production occurs when a party permits disclosure of a document due to inattention. *Id.* at 226. Involuntary disclosure occurs "if efforts reasonably calculated to prevent the disclosure were unavailing." *Id.* If the party who disclosed the document cannot prove that the disclosure was either inadvertent or involuntary, the disclosure waives any claim of privilege. *Id.*

These rules are completely inapplicable to the case at bar. Relator produced the allegedly privileged documents to the court *in camera.* The trial judge then released them to the other party. Although the Welsh family argues that relator's failure to object after submission of the documents to the judge somehow waived objections to disclosure, there is no authority for finding waiver by a party when the disclosure was by the trial judge. We find no merit to the Welsh family's assertion of waiver by voluntary disclosure.

The Welsh family next claims relator acquiesced in the release of the records by signing the agreed protective order. The Welsh family cites case law holding that a party may not complain about a judgment to which he agreed in the absence of fraud. *See, e.g., Hosey v. First Nat'l Bank,* 595 S.W.2d 629 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd). Specifically, the Welsh family argues that *Kawasaki Motors Corp. v. Thompson,* 872 S.W.2d 221 (Tex.1994) demonstrates that an agreed order can waive prior discovery rights.

In *Kawasaki,* the plaintiff filed its first set of interrogatories containing 140 separate interrogatories. *Id.* at 222. The parties reached an agreement and jointly moved for a protective order on 28 items. *Id.* at 223. Following approval of this agreed order by the court, the defendants took the position that the 28 items in the order replaced the entire original 140 interrogatories. *Id.* Because the plaintiff never sought to compel answers to the original interrogatories and never sought a hearing on defendants' refusal to answer interrogatories regarding experts, the supreme court held the agreed order modified the first set of interrogatories and upheld the trial court's decision to let defendants' experts testify. *Id.* at 224.

We find this case easily distinguishable. The agreed order in *Kawasaki* stated the defendants agreed to respond to certain discovery requests. *Id.* at 223. The order in our case contains no promise to disclose documents; rather, the order sets out the limitations for disclosure of documents produced. Thus, we do not find relator's agreement to this protective order waives any claim of privilege.

The Welsh family next argues that Judge Hall's release of the records complies with the guidelines in *R.K. v. Ramirez.* The Welsh family claims that *Ramirez* requires that any information not meeting the test for the exception remains privileged and "must be redacted or otherwise protected." *Ramirez,* 887 S.W.2d at 843. Because the judge redacted some entries and required a confidentiality agreement, which was executed by the parties, the Welsh family claims the judge sufficiently protected this privileged information.

Although the supreme court did say in *Ramirez* that a judge should redact or *otherwise protect* privileged information, the court required redaction, granting mandamus and instructing the trial judge to *redact or delete* the privileged information. The court also stated, more than once, that the production of privileged information must be no broader than necessary. *Ramirez,* 887 S.W.2d at 843, 844. Although we are uncertain what the supreme court had in mind when it used the phrase "otherwise protected," our reading of *Ramirez* leads us to believe that the protective order in this case, which limits disclosure to certain people but does not order redaction or deletion, does not sufficiently protect the highly sensitive privileged information. If information is privileged, and no exception exists, it is not discoverable. Thus, the trial court abused its discretion in disseminating these documents without re-

dacting or deleting the portions that are irrelevant to plaintiffs' claims.[2]

■ Finally, the Welsh family asserts they have voluntarily tendered all but one copy of the records—a redacted set—and therefore, relator's petition for writ of mandamus seeking return of the unredacted documents is moot. Despite the Welsh family's return of all unredacted records, relator contends his petition is not moot because the order denying relator's motion to quash the deposition of Donald Hauser allows the production of the records in their entirety. Relator further alleges that other parties still have the records and that experts may have been provided the unredacted records. Relator challenges the October 19, 1995 order denying relator's motion to quash and asks that we vacate this order.

The document by which the Welsh family sought relator's medical records was the June 28, 1995 notice of intention to take deposition by written questions. In this notice, the Welsh family requested that the custodian of records for Dr. Donald Hauser, Jr., make available for inspection and photocopying any and all medical records from August 1, 1993 to present regarding relator. Relator moved to quash this deposition by written questions, which the trial court denied by order dated October 19, 1995.

We agree with relator that the order denying relator's motion to quash the deposition by written questions allows production of relator's medical records in their entirety. Because we have held the trial court abused its discretion in disseminating the unredacted set of medical records, we also find the trial court abused its discretion in entering the October 19, 1995 order that allows dissemination of these unredacted records.

Accordingly, we conditionally grant relator's petition for writ of mandamus. This writ will issue only if Judge Hall refuses to do the following: (1) to vacate his order of October 19, 1995 and to enter another order in conformity with this opinion; (2) to re-

trieve all copies of the unredacted *in camera* medical records; (3) to redact all entries unrelated to substance abuse on any unredacted sets; (4) to prohibit the use of the information unrelated to relator's alleged substance abuse in all proceedings; and (5) to order all parties, attorneys, and experts who viewed the unredacted records to disregard and not to testify, disclose or comment on any information unrelated to relator's substance abuse.

---

2. We have been presented with a set of unredacted *in camera* documents and a set of redacted *in camera* documents. Having reviewed both sets, we find that the redacted set adequately complies with *Ramirez*. However, because we are uncertain who made the redactions, and relator has not challenged or requested relief with respect to this set of documents, we do not consider them in our resolution of this dispute.