

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00084-CV
_____

IN RE:  DELONA DREWS AND CODY DREWS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Dr. Robert Shackelford performed surgery on Delona Drews' ankle in 2008. Both Drews and her husband, Cody Drews, believe that Shackelford acted negligently with respect to the provision of medical services rendered. The Drewses brought suit against Shackelford. Pursuing discovery, Shackelford requested production of certain medical records of Delona. The Drewses sought protection from this request and, after a hearing, the trial court ordered the Drewses to provide Shackelford with all medical records from Delona's two pregnancies, in 2005 and 2008. The Drewses have petitioned this Court for mandamus relief, requesting that we order the trial court to vacate its order compelling production of medical records.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198 (Tex. App.—Texarkana 2006, orig. proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

2

In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Walker*, 827 S.W.2d at 840. Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker*, 827 S.W.2d at 842. The appellate remedy may be inadequate in three situations: (1) when the appellate court cannot cure the trial court's discovery order, such as where the trial court orders disclosure of privileged documents; (2) where the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, thereby precluding appellate review. *Id.* at 843.

The Drewses complain the records at issue are from Delona's pregnancies in 2005 and 2008, and thus are not relevant to the instant litigation, which concerns surgery performed on Delona's ankle by Shackelford in 2008. The Drewses invoke the privilege against disclosure of physician-patient medical records under Rule 509 of the Texas Rules of Evidence. "Confidential communications between a physician and a patient, relative to or in connection with any professional services rendered by a physician to the patient are privileged and may not be disclosed." TEX. R. EVID. 509(c)(1). However, the privilege is not without exception. The privilege does not apply in proceedings brought by a patient against a physician, including

3

malpractice proceedings, and if the information sought is "a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." TEX. R. EVID. 509(e)(1), (4).

Shackelford argues: (1) that some information in the records of Delona's pregnancies could be relevant to her gait, and therefore could be relative to any difficulties she had experienced with her gait before Shackelford's surgery on her ankle; (2) that there may be evidence of Delona's history of being noncompliant with rehabilitative instructions; and (3) that any evidence of a history of drug abuse could be relevant to her body's ability to heal properly.

In order for an exception to the privilege protecting physician-patient records to apply, two conditions must be present: (1) the records sought to be discovered must be relevant to the condition at issue; and (2) the condition must be relied upon as part of a party's claim or defense, "meaning that the condition itself is a fact that carries some legal significance." *R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994) (orig. proceeding). Mere relevance to a claim or defense is not enough—"to fall within the litigation exception to the privilege, the condition itself must be of legal consequence to a party's claim or defense." *Id*. By way of example, the Texas Supreme Court in *R.K.* suggested a suit in which it was alleged a testator was incompetent. Such allegation would be one of a mental condition which, if found by the jury, would be a factual determination "to which legal consequences attach: the testator's will is no longer valid." *Id*. In *R.K.*, the defendant doctor (R.K.) contested the trial court's order that the doctor produce all

4

records concerning R.K.'s treatment in 1985 for a medical, mental, or emotional condition. *Id.* at 839. The Texas Supreme Court found the trial court's order too broad and ordered the lower court to conduct an in camera review of the records, considering the guidelines issued in the opinion, releasing only records meeting the two-part test stated above; records not meeting the requirements were to be redacted or exempted from release. *Id.* at 844.

In the instant case, the trial court conducted an in camera review and ordered all the contested records produced. We have reviewed the records as well.[1] There are two sets of records, each from a hospital at which Delona gave birth in 2005 and 2008. Almost all of the records deal with pre- and post-pregnancy matters. We found perhaps one mention of Delona's gait and a handful of brief summary references to matters in her medical history which could conceivably lead to matters of legal significance to Shackelford's defense.

The bulk of the disputed records are not of legal significance to Shackelford's asserted defense, and we find the trial court ordered the production in contravention of the requirements of Rule 509 as applied by the Texas Supreme Court in *R.K.* Ordered production of privileged information precludes an adequate remedy by appeal. *See Walker*, 827 S.W.2d at 843. We find the Drewses have established entitlement to their requested relief.

We conditionally grant the writ of mandamus. Such writ will issue only if the trial court fails to withdraw its order compelling production and conducting a new in camera inspection,

---

[1] We note that the Texas Supreme Court has taken the step of reviewing records itself in a somewhat similar situation. *R.K.*, 887 S.W.2d at 844. Therefore, we feel this is a proper step to take.

5

taking care to ensure any production of documents "is no broader than necessary, considering the competing interests at stake." *R.K.*, 887 S.W.2d at 843; *M.A.W. v. Hall*, 921 S.W.2d 911, 916-17 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding).

Bailey C. Moseley
Justice

Date Submitted:     October 11, 2012
Date Decided:       October 12, 2012

6