**DENY; and Opinion Filed October 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01287-CV

### IN RE JOAN L. GILLHAM, Relator

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-02868-2013**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Fillmore
Opinion by Justice Fillmore

Relator filed this petition for writ of mandamus complaining of the trial court's June 3, 2014 Order on Plaintiff's Objections to Deposition on Written Questions and Subpoena Duces Tecum and June 4, 2014 Order Denying Plaintiff's Motion for Second Protective Order. Relator asserts in this lawsuit that her employer engaged in employment discrimination based on her disabilities. These disabling conditions, which allegedly presented over at least an eight year period of time, include functionality of her right hand, thyroid cancer, cervical cancer, fatigue, weakness, migraine headaches, paresthesia, sensory peripheral neuropathy, gastrointestinal disorders, joint pain, photosensitivity, sensitivity to extreme temperatures, and intermittent periods of difficulty concentrating.

Real party in interest sought discovery of relator's medical records concerning these conditions. Relator objected and sought a protective order. The trial court overruled the objections, denied the protective order, and ordered relator to execute a medical records release.

Relator contends the release is overly broad because it requires each of her treating physicians to provide information relating to treatment for any of her claimed disabling conditions even if she sought treatment from the physician for only one of those conditions. Further, the release directed relator's physicians to provide responsive medical records directly to the trial judge for *in camera* review. Relator contends this procedure constitutes an abuse of discretion because it includes "no provision requiring that Relator be allowed to review and redact privileged information contained in the records prior to disclosure to Defendant."

The Texas Rules of Evidence protect from disclosure confidential communications between a physician and patient and records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician. TEX. R. EVID. 509(c)(1), (2); *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009) (orig. proceeding). A litigation exception to the physician-patient privilege applies when the patient's condition is a "part" of a claim or defense to which the substantive law assigns significance. *R.K. v. Ramirez,* 887 S.W.2d 836, 842–44 (Tex. 1994) (orig. proceeding); TEX. R. EVID. 509(e)(4) (exception to physician-patient privilege exists in civil proceedings as to records relevant to physical, mental or emotional condition of patient where any party relies upon condition as part of party's claim or defense). The condition must be of legal consequence to the party's claim or defense. *Ramirez*, 887 S.W.2d at 842–43; *Bristol-Myers Squibb Co. v. Hancock,* 921 S.W.2d 917, 921 (Tex. App.— Houston [14th Dist.] 1996, orig. proceeding) ("[A] party can be said to rely upon a patient's condition in this sense only if some consequence flows from the existence or non-existence of that condition."). A condition is a "part" of the claim or defense if the jury must make a factual determination regarding the condition itself. *Ramirez*, 887 S.W.2d at 842–43. However, the requirement that a jury must make a factual determination about the condition does not have the effect of limiting discovery only to issues that will be submitted to the jury. *Easter v. McDonald,*

903 S.W.2d 887, 890 (Tex. App.—Waco 1995, orig. proceeding). The exception to the privilege also "include[s] factual issues that the factfinder might have to decide in order to decide the questions actually asked of it." *Easter,* 903 S.W.2d at 890*; see also* In re Leatherwood, No. 04-98-00814-CV, 1998 WL 800341, at *2 (Tex. App.—San Antonio Nov. 18, 1998, orig. proceeding) (not designated for publication) *(*condition is central to the asserted claim when in the absence of the condition, there would be no liability.) In contrast, this exception to the privilege does not apply when the condition is "tangential or 'merely an evidentiary or intermediate issue of fact.'" *Easter,* 903 S.W.2d at 890 (quoting *Ramirez,* 887 S.W.2d at 842).

Whether a patient's condition is a "part" of a claim is determined from the pleadings, without reference to the evidence that allegedly is privileged. *Ramirez,* 887 S.W.2d. at 843 n.7. The supreme court noted in *Ramirez* that even in cases in which a medical condition is a part of the claim or defense of a party, "[t]rial courts must use great care when permitting discovery of such sensitive information, and should redact or delete those portions of medical and mental health records that concern matters beyond the scope of the exception." *Id.* at 844. The supreme court counseled "courts reviewing claims of privilege and inspecting records *in camera* should be sure that the request for records and the records disclosed are closely related in time and scope to the claims made. . . ." *Id.* at 843.

Relator's complaint is not that her medical records are not discoverable, but rather that the trial court has not adequately tailored permissible discovery of her records. She argues the trial court's orders are inconsistent with *Ramirez* because the release requires each of her treating physicians to provide information related to treatment for any of her claimed disabling conditions even if she sought treatment from the physician for only one of those conditions. She contends that in allowing such discovery, the trial court has failed to properly limit discovery to records that are closely related in time and scope to the claims made. The rule of *Ramirez* cannot

be read as narrowly as relator would have us read it. The *Ramirez* court concluded the litigation exception to the physician-patient privilege applies when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense. *Id.* "Both parts of the test must be met before the exception will apply." *Id.* Here, the trial court has ordered relator to sign a release authorizing her physicians to supply the court with medical records relating to her specific conditions at issue in the case – the conditions that are alleged to be the basis of her disability and the claims against her employer for discrimination on the basis of disability. We agree with the implied finding of the trial court that the categories of medical records identified in the release are relevant to the conditions of relator that are at issue in the case. TEX. R. EVID. 401 (Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." ). We also agree with the trial court's implied finding that a determination by the fact-finder that one or more of the conditions exist as of the dates indicated in her medical records is of legal significance to relator's claims in the lawsuit. *Ramirez,* 887 S.W.2d at 844*; see also* TEX. R. EVID. 509(e)(4).

Even where the trial court determines that the authorized discovery relates to conditions that are part of a party's pleaded claims, the trial court must still "ensure that the production of documents ordered, if any, is no broader than necessary, considering the competing interests at stake" by conducting an *in camera* review of the documents and redacting or otherwise protecting any information not meeting the standard. *Ramirez*, 887 S.W.2d *at 843; see also M.A.W. v. Hall*, 921 S.W.2d 911, 914–15 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding). Here, the trial court ordered relator to sign a release requiring her physicians to provide medical records relating to her specific conditions at issue in the case directly to the court for *in camera* review. This *in camera* review will enable the trial court to ensure the

–4–

medical records are "closely related in time and scope to the claims made" by relator, *Ramirez*, 887 S.W.2d at 843, and redact portions of the records that "concern matters beyond the scope of the exception" prior to service of the records on the real party in interest. *Id.* at 844. "An *in camera* review ensures that the production of documents is no broader than necessary considering all the competing interests." *In re Doe,* 22 S.W.3d 601, 610 (Tex. App.—Austin 2000, orig. proceeding).

Relator prefers a different process. Under the release proposed to the trial court by relator, responsive medical records would be produced by relator's physicians to relator's attorney, relator would have an opportunity to redact privileged information and produce redacted records to the real party in interest, and if the real party in interest has objections regarding the redacted records it can seek an *in camera* review by the trial court. Relator cites no authority compelling the procedure she prefers; nor does she cite authority suggesting the trial court abused its discretion in adopting the procedure specified in the release. Notably, nothing in the trial court's orders prevents counsel for relator from concurrently reviewing the records delivered to the trial court for *in camera* review, as required by the release, and objecting to the production of any privileged portions of the records prior to production of the records to the real party in interest.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Based on the record before us, we conclude relator has not shown that the

trial court has abused its discretion.  *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).  Because the trial court did not abuse its discretion, we **DENY** the petition.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


141287F.P05