**In re Espiridion GUZMAN.**

**No. 13–00–091–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 4, 2000.

James W. Wray, Jr., Audrey Mullert Vicknair, Chaves, Gonzales & Hoblit, Corpus Christi, for Relator.

John Michael Solar, Houston, Glenn D. Romero, Garcia & Romero, L.L.P., McAllen, Marc J. Wojciechowski, for Real Parties in Interest.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

This Petition for Writ of Mandamus requests that we compel the trial court to withdraw its order requiring Relator to execute authorizations for the release of documents in the possession of non-parties.

Relator was the driver of a truck which was involved in a collision in which Domingo Vargas, Sr., was killed. His heirs and survivors sued relator, relator's employer, Bicentennial Trucking, Inc., Haas Anderson and Warning Lites, Inc. for wrongful death and survivor benefits. Relator and Bicentennial settled with the Vargas plaintiffs. The litigation underlying this mandamus action is the claim by Haas Anderson and Warning Lites for contribution and indemnity from relator and Bicentennial for any sums for which they may be held liable in the Vargas litigation. They allege that relator was incompetent and unfit to safely drive the vehicle owned by Bicentennial and that it knew or should have known of his incompetence and unfitness and that it was negligent in hiring relator.

Pursuant to Rule 196, Haas Anderson requested the production of documents from relator. TEX.R. CIV. P. 196. Subsequently, it filed a motion to compel discovery and for sanctions because relator did not furnish all the information requested. In its motion to compel and in argument before the trial court, Haas Anderson, respondent, seeks to compel relator to produce authorizations signed by relator so that respondent can obtain his "drivers history, medical history, employment history and worker's compensation claims." In addition, at the hearing, respondent mentioned that medical history would also include Veteran's Administration Records. It is undisputed that at this time no authorization for respondent to obtain any of the information sought exists.

Respondent sought, and the trial court ordered, that relator complete and sign the

three forms entitled: "Consent for Release of Medical Information," "Consent for Release of Confidential Worker's Compensation Information," and "Consent for Release of Employment Information." Each of the three forms begins as follows:

NAME:   ESPIRIDION GUZMAN
D/O/B:
S.S. #:

The forms then recite: "I, Espiridion Guzman, ... do hereby consent to the release of the following information and items to" Respondent's counsel. The release of medical information further provides that the release of the records is to be made "pursuant to the Medical Practice Act, Article 4495b, V.A.T.S." Each of the forms then provides the details of the Respondent's request. The "Consent for Release of Medical Information" states that Respondent seeks:

> Any and all medical and billing records and reports concerning the identity, diagnosis, examination, evaluation, history and treatment pertaining to ESPIRIDION GUZMAN for any and all physical and/or mental injury and illness, including any counseling or therapy for mental or emotional distress.

Similarly, the "Consent for Release of Confidential Worker's Compensation Information" requests:

> Any and all information concerning any of my worker's compensation claims or files which may be protected by any provision of Article 8307, Section 91, Texas Revised Civil Statutes.

Finally, the "Consent for Release of Employment Information" requests:

> Any and all employment records and reports concerning, but not limited to, my job status, rate of pay, commissions, tips, work history, evaluations by superiors and/or supervisors, W–2 forms, absenteeism, prior work-related injuries, job applications, and periodic work performance reviews.

All three forms further recite that Guzman "understand[s] ... that the above listed information and items may be obtained by subpoena and/or the use of this consent, or both ... ." Each states that the purpose of the consent and release is for discovery and/or evidence in this lawsuit.

Respondent contends that it is necessary to obtain information about relator's past because they have information indicating he has a history that would support their allegations of negligent entrustment and his inability to safely operate a vehicle.

Relator, without challenging whether the information sought by the authorizations would be discoverable, challenges the Court's authority to require him to sign and complete the authorizations.

■ Judicial authority over the discovery of information preparatory to trial is governed by the Texas Rules of Civil Procedure. Rule 196 governs the procedure involving Requests for production and matters to parties. TEX.R. CIV. P. 196. Rule 205 covers the procedure for obtaining Discovery from non-parties. Relator contends that neither of these rules are applicable to this situation. In fact, Rule 205, deals specifically with the type of information respondent is ultimately seeking. Rule 205.1 states:

> A party may compel discovery from a nonparty—that is, a person who is not a party or subject to a party's control—only by obtaining a court order under Rules 196.7, 202, or 204 (none of which is applicable here), or by serving a subpoena compelling:
>
> (a) an oral deposition;
>
> (b) a deposition on written questions;
>
> (c) a request for production of documents or tangible things, pursuant to Rule 199.2(b)(5) or Rule 200.1(b), served with a notice of deposition on oral examination or written questions; and
>
> (d) a request for production of documents and tangible things under this rule.

TEX.R. CIV. P. 205.1.

■ Before the trial court, respondent contended that the action requested

"is well within the Court's discretion to order the production of these authorizations." However, the signed authorizations were not in existence at the time of the hearing. The effect of the Court's order is to order relator to create the authorizations. The rules do not permit the trial court to force a party to create documents which do not exist, solely to comply with a request for production. *See* TEX.R. CIV. P. 192.3(b); *In re Colonial Pipeline,* 968 S.W.2d 938, 942 (Tex.1998); *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989); *McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72, 73 n. 2 (Tex.1989).

Before this Court, respondent argues that courts have the inherent right to order a party to complete and sign this type of authorization. Its reliance on *Lindley v. Flores,* 672 S.W.2d 612 (Tex.App.—Corpus Christi 1984, no writ), is misplaced as that case stands only for the proposition that the court has the power and duty to control the discovery process. However, it can only do so within the confines of the rules of civil procedure. Similarly, respondent relies on *Batson v. Rainey,* 762 S.W.2d 717 (Tex.App.—Houston [1 st Dist.] 1988)(orig.proceeding). *Batson,* however, is distinguishable from the present situation. There, the relator was plaintiff in the underlying suit claiming wrongful termination from his employment. Respondent contended relator was terminated because of his history of alcohol and drug abuse. The trial court ordered relator to execute an authorization for obtaining the medical records of a specifically named physician, such records limited to alcohol and drug use. The only complaint made there by relator and addressed by the court was that the court abused its discretion because the physical and mental condition was not an issue and the authorization waived his physician-patient privilege.

The court held that the trial court did not abuse its discretion in rejecting these two claims because the physical and mental condition could be considered an issue and because the authorization was tailored to a specific physician and limited solely to condition at issue. Significantly, the *Batson* Court distinguished that case from another case in which the Supreme Court held that it was an abuse of discretion for a court to order the signing of a blank, general authorization similar to those in question here. That authorization, in effect, waived any privilege or confidentiality between the party and any third party from whom an adverse litigant is seeking information. *See Mutter v. Wood,* 744 S.W.2d 600, 601 (Tex.1988). The *Mutter* court also was not called upon to determine the authority of a Court to order the signing of the authorization.

█ We hold that the Texas Rules of Civil Procedures do not authorize a Court to order the creation of an authorization for a third party to deliver information to a litigant.

Accordingly, we conditionally grant the writ of mandamus ordering the trial court to vacate its order compelling Relator to execute the authorizations in question. The writ of mandamus will not issue unless the trial court fails to comply with the opinion of this Court.

Justice YAÑEZ dissents.