NO. 07-01-0447-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 11, 2001



______________________________




IN RE LILLIAN BEATRICE SHIPMON, RELATOR




________________________________






ON PETITION FOR WRIT OF MANDAMUS



________________________________




Before QUINN and REAVIS and JOHNSON, JJ
.



 In this original proceeding, relator Lillian Beatrice Shipmon seeks a writ of
mandamus requesting that we order the Honorable Blair Cherry, Judge of the 72nd Judicial
District Court of Lubbock County, to vacate his order of September 18, 2001, in the
underlying proceeding in cause number 2001-513,933, styled Lillian Beatrice Shipmon v.
Connie Vance Jeffreys (real party). By her petition for writ of mandamus, relator presents
two issues:

 Issue One: 

 Did the trial court clearly abuse its discretion in ordering Relator to create,
execute, and produce documents authorizing Defendant's counsel to obtain
certain records, when such documents were not in existence at the time of the
hearing at which trial court made such order?


 Issue Two: 

 Did the trial court clearly abuse its discretion in overruling Relator's
objections that Defendant's Requests for Production (b), (g), (j), (l), (m), (o),
(u), (v), (w), and (x) were overbroad and lacked specificity, when Respondent
stated that overruling such objections was something Respondent does "in
every case"? 


For the reasons set forth, we conditionally grant in part and deny in part the relief
requested.

 Following an automobile accident, relator filed the underlying action against real
party on May 17, 2001, seeking to recover damages which she claimed were caused by the
negligence of real party. Thereafter, real party served interrogatories and requests for
production on relator, which were timely answered. Relator objected to requests for
production (b), (g), (j), (l), (m), (o), (u), (v), (w), and (x) on grounds that the requests were
overbroad and lacked specificity. Before we address relator's issues, we first state the
appropriate standard of review applicable to mandamus proceedings.

Standard of Review


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by appeal, and the relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding).
With respect to factual matters committed to the trial court's discretion, the appellate court
may not substitute its judgment for that of the trial court. Id. at 837. However, a review of
a trial court's determination of controlling legal principles is entitled to much less deference. 
Id. at 840. In our analysis, we "must focus on the record that was before the court and
whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial
error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). In
addition, the parties acknowledge that when questions regarding discovery orders are
involved, the scope of discovery is largely within the discretion of the trial court. In re
American Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998). The trial court is allowed great
latitude in ordering discovery and its action cannot be set aside unless there is a clear
showing of abuse of discretion. Martinez v. Rutledge, 592 S.W.2d 398, 399 (Tex.Civ.App.--Dallas 1979, writ ref'd n.r.e.).

 By her first issue, relator contends the trial court abused its discretion in ordering the
creation of documents which did not previously exist. Although relator does not direct our
attention to the portion of the order where this contention is addressed, our review of the
briefing and the order reveals that this issue is directed to paragraphs one and three of the
order which provide:

 1. IT IS ORDERED THAT Defendant limit his requested medical
authorization, regarding Plaintiff, to neck and back, for the past ten years,
and that Plaintiff sign and immediately return to counsel for Defendant such
medical authorization;



 3. IT IS FURTHER ORDERED THAT Defendant limit his requested
employment authorization, relative to Plaintiff, to a three (3) year period prior
to the date of the accident and that Plaintiff, Lillian Beatrice Shipmon, sign
and immediately return to counsel for Defendant such employment
authorization.


Texas rules governing discovery were substantially revised effective January 1, 1999. 
Citing In re Colonial Pipeline Co., 968 S.W.2d 938 (Tex. 1998), In re Guzman, 19 S.W.3d 
522 (Tex.App.--Corpus Christi 2000, no pet.), and other authorities, relator contends that
the provisions of paragraphs one and three of the order were unauthorized. We disagree.

 Initially, we note that the order of the trial court does not require that relator or her
attorney prepare an authorization for medical or employment records. Paragraph one of
the order expressly requires that real party limit her request for medical authorization as to
time and scope. Also, the order requires real party to limit her request for employment
records as stated in paragraph three. Although not expressly stated, each paragraph of the
order implies that the authorizations are to be prepared by counsel for real party, signed
by relator, and immediately returned to real party. 

Medical Records


 We note that former Rule 166b(2)(h) (1) provided for the production of medical records
upon receipt of a written request and required a party to produce the records or furnish an
authorization permitting the full disclosure of medical records upon the receipt of a written
request. However, the former rule was not included in the revised discovery rules effective
January 1, 1999. Under the revised rules, medical records of a party are subject to
production under new Rule 194.2, which provides in part: (2)

 194.2 Content. A party may request disclosure of any or all of the following:


 (j) in a suit alleging physical or mental injury and damages from the
occurrence that is the subject of the case, all medical records and bills that
are reasonably related to the injuries or damages asserted or, in lieu thereof,
an authorization permitting the disclosure of such medical records and bills;


 (k) in a suit alleging physical or mental injury and damages from the
occurrence that is the subject of the case, all medical records and bills
obtained by the responding party by virtue of an authorization furnished by
the requesting party.


(Emphasis added). Under these new rules, a party may obtain discovery of medical records
of another party or obtain an authorization from another party by request for disclosure. (3) 
Id. 

 Citing Guzman, 19 S.W.3d at 525, relator contends that an order requiring her to
provide a signed medical authorization was not authorized. However, for reasons not
apparent from the opinion, Guzman does not mention or distinguish Rule 194.2(j) and (k)
nor does the court consider or discuss Martinez. 592 S.W.2d at 400 (holding that a trial
court order requiring a party to furnish authorization for opposing attorneys to view medical
records did not involve the making of a non-existent record). Moreover, Colonial Pipeline,
968 S.W.2d at 938, is not controlling as to medical records because it did not involve an
authorization for medical records, which at the time of the opinion, was authorized by former
Rule 166b(2)(h). 

Employment Records


 Relator did not object to production of employment records on the ground of
relevance. Instead, relator contended that the requested authorization was overbroad. In
the absence of an objection on the ground of privilege or relevance, employment records
are subject to discovery under Rule 192.3(a), which provides that a party may obtain
discovery of any matter that is not privileged and is relevant. Further, under Rule 192.3(b),
records or tangible things in the custody or control of a party are subject to production. 
(Emphasis added). Additionally, the right to possession of a record that is equal or superior
to the party who has physical possession of the record constitutes possession for purposes
of this rule. Rule 192.7(b). 

 Moreover, relator objected to the requests for medical and employment records on
the ground that the requests were overbroad. She did object to signing authorizations for
medical or employment records on the ground that it would require her to prepare a non-existent record. According to the record, it appears that relator signed and provided a
limited medical authorization, but the trial court expanded the time and scope of the
authorization by paragraph one of the order. Mandamus will not issue to compel a trial
judge to do what he or she has not been requested to do. Owens-Corning Fiberglas v.
Caldwell, 830 S.W.2d 622, 624 (Tex.App.-Houston [1st Dist.] 1991, no writ). This record
fails to demonstrate that relator presented these contentions to the trial court. For all of the
above reasons, relator's first issue is overruled.

 By her second issue, relator contends the trial court abused its discretion in
overruling her objections to requests for production that (b), (g), (j), (l), (m), (o), (u), (v), (w),
and (x) were overbroad and lacked specificity. Before we consider the ten requests, we first
review some of the relevant rules and authorities.

 The Texas Rules of Civil Procedure authorize discovery into any relevant matter that
is not privileged and is reasonably calculated to lead to the discovery of admissible
evidence. Rule 192.3. However, in Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 553 (Tex.
1990), the Court stated that:

 this broad grant, however, is limited by the legitimate interests of the
opposing party to avoid overly broad requests, harassment, or disclosure of
privileged information.


(Emphasis added). Additionally, in American Optical, 988 S.W.2d at 713, in discouraging
"fishing expeditions," the court held "requests must be reasonably tailored to include only
matters relevant to the case." (Emphasis added). Similarly, parties responding to
discovery are also encouraged to utilize reasonably tailored responses to discovery
requests. See Id. Accordingly, a party responding to discovery:

 cannot simply make conclusory allegations that the requested discovery is
unduly burdensome or unnecessarily harassing. The party must produce
some evidence supporting its request for protective order.


In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999). In its review of the discovery
process in American Optical, 988 S.W.2d at 713, the Court concluded that the latitude
afforded the parties in the discovery process is not unlimited, and "the trial court must make
an effort to impose reasonable discovery limits." Alford Chevrolet-Geo, 997 S.W.2d at 181. 
Parties seeking or objecting to discovery are expected to cooperate and make any
agreements "reasonably necessary for the efficient disposition of the case." (Emphasis
added). Rule 191.2. Although the use of so called "stock" or "boiler plate" discovery
initiatives or responses is common practice, these authorities suggest that requests or
responses should be custom tailored to the specific case, otherwise the interest of judicial
economy will not be served and the objective that discovery be conducted on a case by
case basis will be thwarted.

Overbroad Requests

 Real party's requests (b), (g), (l), (m), (o), and (u) sought production of various
documents or records without any limitation as to time. Relator objected to these requests
with conclusions that they were overbroad and lacked specificity without any explanation
of the reasons or argument. In Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex.
1995), the Court held that a request for records "without limitation as to time, place or
subject matter, is overbroad." (4) Here, these requests for production (b), (g), (l), (m), (o), and
(u) are overbroad "on their face" according to the Court in Texaco. (5)

Work Product 

 In addition to the objection that the requests are overbroad, relator objected to
requests (j), (v), and (w) on the grounds of work product privilege, but respondent overruled
the objections. Assertion of a privilege is not a ground for a motion for protective order or
an objection. See Rule 192.6(a). Instead a party desiring to assert a privilege must
proceed as set out in Rules 193.3 and 193.4. Because the question of work product
privilege was not before the respondent, those objections remain subject to presentation
if relator elects to proceed according to Rules 193.3 and 193.4. Relator's second issue is
sustained, except as to request (x), which was limited as to time. 

 Accordingly, the writ of mandamus is conditionally granted in part and denied in part.
Although we have jurisdiction to direct the trial court to proceed to make an effort to impose
reasonable discovery limits, we may not tell the court what limits it should enter. In re
Martinez Ramirez, 994 S.W.2d 682, 684 (Tex.App.-San Antonio 1998, no pet.). The trial
court is directed to consider and determine, in the exercise of its discretion, the need for
reasonable discovery limits as to requests (b), (g), (l), (m), (o), and (u); otherwise the writ
is denied. The writ will issue only if the trial court fails to comply with these instructions.

 

 Don H. Reavis

 Justice



Publish.




1. All references to rules herein are to Texas Rules of Civil Procedure.
2. Production of medical records of non-parties is now covered by Rule 196.1(c).
3. See 6 William Dorsaneo III, Texas Litigation Guide § 90.02[5][k] (2001); See also
3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice §12.19 (2d ed.
2000).
4. The term overly broad as used in Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 553
(Tex. 1990), and the term over broad as used in Texaco is not defined in the opinions or
the discovery rules, however it appears that it would be good practice to state the reasons 
supporting an objection that the request is overbroad as to (1) time, (2) place, or (3)
subject matter. 
5. Because the objections that the requests were overbroad should have been
sustained, we need not address the objection as to specificity.


ze:10.0pt;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("07-10-0130.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0130.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0130.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0130.cr%20opinion_files/header.htm") ecs;
 mso-facing-pages:yes;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-even-header:url("07-10-0130.cr%20opinion_files/header.htm") eh1;
 mso-header:url("07-10-0130.cr%20opinion_files/header.htm") h1;
 mso-even-footer:url("07-10-0130.cr%20opinion_files/header.htm") ef1;
 mso-footer:url("07-10-0130.cr%20opinion_files/header.htm") f1;
 mso-first-header:url("07-10-0130.cr%20opinion_files/header.htm") fh1;
 mso-first-footer:url("07-10-0130.cr%20opinion_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-0130-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 

APRIL 19, 2011

_____________________________

 

 

JEREMY
ALLEN LANDERS,  

 

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 19TH DISTRICT COURT OF MCLENNAN COUNTY;

 

NO. 2009-611-C1; HONORABLE RALPH T. STROTHER,
PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

 

Before QUINN, C.J., and CAMPBELL
and PIRTLE, JJ.

            Jeremy Allen Landers was convicted
of aggravated sexual assault and solicitation of a minor.  In seeking to have those convictions
overturned, he claims that 1) the trial court erred in giving a limiting
instruction regarding testimony that the complainant recanted her allegations,
2) the trial court erred in refusing to admit evidence showing that the
complainant had knowledge of sexual matters before these alleged events
occurred, 3) the trial court erred in not admitting testimony from a
psychologist regarding a forensic interview she conducted of the complainant,
and 4) the evidence is factually insufficient to sustain the convictions.  We affirm.

            Background

            Appellant was convicted of offenses
against one of his new stepdaughters. 
The complainants mother elected not to believe the child, and
appellants defense centered around the childs love of her biological father,
her dislike of her stepfather, her desire not to move out of state with her new
family, and her alleged recantations.

            Issue 1  Limiting
Instruction

            In his first issue, appellant
contends the trial court erred in giving a limiting instruction to the jury
with respect to testimony regarding the child complainants recantations.   Per the instruction, the trial court told
the jury that it could consider the evidence only for impeachment purposes and
not as substantive evidence.  Appellant
argues that the instruction constituted a comment on the weight of the evidence
and reduced the burden of proof.  

            At the time the instructions were given,
no objection was made by appellant.  That
being so, appellant waived any complaint on appeal.  Johnson v. State, 709 S.W.2d 345, 347 (Tex. App.Houston
[14th Dist.] 1986, pet. refd) (holding that a complaint as to a
limiting instruction was waived when no objection was made to the trial
court).  And, to the extent appellant
intimates that fundamental error need not be preserved via objection in the
trial court, he cites no authority intimating, much less holding, that a
limiting instruction like that at bar is fundamental error.  Indeed, the authority cited, Blue
v. State, 41 S.W.3d 129
(Tex. Crim. App. 2000), dealt with the court informing the jury venire that
jury selection was delayed because the defendant was engaging in plea
negotiations with the State.  Id.
at 130.  No one suggests that such a comment was made
here.  Nor does appellant provide us with
any substantive explanation as to why the instruction should be considered
fundamental error, assuming arguendo that it was error.  Thus, we overrule the issue.      

Issue 2  Admission of
Evidence as to Sexual Knowledge of the Complainant

 Next, appellant
complains of the failure of the trial court to admit evidence from appellants
own daughter regarding prior conversations she had with the complainant about
sex.  One such conversation purportedly
included the topic of a male fingering  a female.  Another
instance allegedly involved a third party teaching the complainant how to
masturbate.  Though no formal bill of
exception was made, counsel indicated he would question the daughter as to
whether it was true that she and the complainant had conversations about the
noted topics.  The State objected on
various grounds including  the ground
that the evidence was hearsay for which there was no exception.  The trial court sustained the objection.  The court also opined that the evidence was
subject to exclusion under Rules of Evidence 608, 609 and 613.  Appellant now argues that the evidence was
admissible under Rule 412 of the Texas Rules of Evidence and the United States
Constitution.  We overrule the issue.

            When ruling upon evidentiary matters,
the trial court errs only if it abused its discretion.  Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001).  Discretion is abused only when
the decision falls outside the zone of reasonable disagreement.  Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).  And, the burden lies with the appellant to
establish that.  Webb v. State, 991 S.W.2d 408, 418 (Tex. App.
Houston [14th Dist.] 1999, pet. refd).  

            As previously mentioned, the State
objected to the evidence as hearsay. 
Thus, it would be incumbent upon appellant to show why the comments were
not such.  However, he did not.  Instead, he argued that the evidence fell
outside the scope of Rule 412 of the Rules of Evidence, i.e, the rule prohibiting the admission of certain types
of evidence concerning the complainants past sexual behavior.  While certain evidence of past activities may
be admissible under Rule 412, the latter does not trump application of the
hearsay rules.  See
Kennedy v. State, 184
S.W.3d 309, 315 (Tex. App.Texarkana 2005, pet. refd)
(holding that even if Rule 412 was misapplied by the trial court, the evidence
was nonetheless inadmissible hearsay).  

            Simply put, the proponent of hearsay
excluded by the trial court had the burden to establish the admissibility of
the evidence.  Taylor
v. State, 263 S.W.3d
304, 309 (Tex. App.Houston [1st Dist.] 2007), affd,
268 S.W.3d 571 (Tex.
Crim. App. 2008).  Appellant failed to do
that here.  Nor did he attempt to debunk
the trial courts belief that the evidence was subject to exclusion under Rules
608, 609 and 613 of the Rules of Evidence. 
So, we cannot say he satisfied his burden to prove an abuse of
discretion.

            Issue 3  Testimony of Psychologist

            Appellant also complains of the trial
courts failure to admit testimony from his forensic expert, Dr. Kristi Compton,
who conducted an interview of the complainant at the request of her
mother.  We overrule the issue for
several reasons.

            First, to the extent that appellant
contends on appeal that he was deprived of being able to have Compton refute
or at least put in context much of the testimony by the States experts and . .
. to inform the jury as to what type of interviewing techniques were properly
followed or not . . . in the original forensic interview . . ., he did not
make those arguments to the trial court. 
Thus, they were not preserved for review.  Tex. R.
App. P. 33.1(a)(1)(A) (stating that to preserve error, the complaint
must be made to the trial court by a timely request, objection, or motion that
states the grounds for the ruling that is sought with sufficient specificity to
make the trial court aware of the complaint); see Guevara v.
State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that the grounds asserted on appeal must
comport with those uttered at trial, otherwise they are waived).

            Second, and in response to the trial
courts suggestion regarding how various statements made by the complainant to
the expert were to be presented, appellants trial counsel said, thats
fine.  This is of import because the
method suggested did not include the expert personally testifying.  Thus, appellant effectively acquiesed in the
trial courts decision to deny the expert opportunity to testify.  He cannot now complain about something to
which he agreed; if anything, that constitutes invited error.  Willeford v. State, 72
S.W.3d 820, 824 (Tex. App.Fort Worth 2002, pet. refd)
(stating that an appellant cannot complain about error he invited).  

            Issue 4  Sufficiency of
the Evidence

            Via his last issue, appellant
purports to attack the factual sufficiency of the evidence underlying his
convictions.  We overrule the issue for
several reasons.

            First, there is no longer a factual
sufficiency review.  The Court of
Criminal Appeals dispensed with it in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010).

            Second, and to the extent that the
allegation about the absence of evidence corroborating the child victims
testimony can be read as a challenge against the legal sufficiency of the
evidence supporting the solicitation verdict, we note the following.  It is true that one cannot be convicted of
solicitation under section 15.031 of the Texas Penal Code on the
uncorroborated testimony of the minor allegedly solicited unless the
solicitation is made under circumstances strongly corroborative of both the
solicitation itself and the actor's intent that the minor act on the
solicitation.  Tex. Penal Code Ann. §15.031(c) (Vernon Supp.
2010).  But, as
expressed in the statute, independent corroboration is needed only if the
solicitation is not made under circumstances which are themselves
strongly corroborative of both the solicitation and actors intent.  And, while appellant argues that there is no
evidence corroborating the victims testimony, he does not contest whether the
circumstances of the solicitation themselves strongly corroborate both the
solicitation and actors intent.  And,
until he argues and establishes that they do not, independent corroborative
evidence is unnecessary.

            Accordingly, the judgments of the
trial court are affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do
not publish.