# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00361-CV

**In re Marvel Reed**

ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

This case involves a Texas court's power to order the production of documents from a nonparty witness for use in a Minnesota divorce proceeding. We hold that the trial court did not have the power to order a nonparty witness to produce documents other than as specified by the Texas Civil Practices and Remedies Code and the Texas Rules of Civil Procedure. Accordingly, we conditionally grant the writ of mandamus and instruct the trial court to vacate its discovery order.

### BACKGROUND

Relator is a nonparty witness, who is the sister of Raymond E. Graf, the husband and respondent in the suit for divorce pending in Minnesota. Real party in interest is Tammy J. Graf, the wife and petitioner in the Minnesota divorce suit. Relator seeks mandamus relief from the trial court's discovery order compelling production of documents in Texas for use in a Minnesota divorce proceeding on the ground that the trial court's order violates section 20.002 of the Texas Civil Practices and Remedies Code and the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem.

Code Ann. § 20.002 (West 2008); Tex. R. Civ. P. 201.2.  Specifically, relator contends that the trial court's order violates the statute and rule because no "mandate, writ, or commission" has been issued by the Minnesota court in which the real party in interest's divorce is pending.

On February 10, 2009, a Minnesota district court entered a pretrial order addressing various underlying issues, including various discovery disputes, in *Graf v. Graf*, No. 01-FA-07-1324, Order (Minn. Dist. Ct. Feb. 10, 2009).[1]  In relevant part, the Minnesota order states:

6.    A writ shall be issued to the State of Texas for Marvel Reed to produce within 15 days from the date of this Order or as ordered by the Texas District Court all records since 2001 . . . .

7.    A writ shall be issued to the State of Texas for Marvel Reed to submit for oral deposition as outlined in the Rules of Court for the State of Texas within 30 days of the receipt of the production of documents or as ordered by the Texas District Court.

*See id.*, No. 01-FA-07-1324, Order, at 3-4 (Minn. Dist. Ct. Feb. 10, 2009).

Real party in interest filed the Minnesota order with the Williamson County District Court on April 6, 2009, and, on April 21, 2009, the district clerk sent notice of registration of foreign support order to Raymond E. Graf as a nonregistering party.  The record before us reflects some confusion on the part of the district clerk as to how to handle the Minnesota order and, in a series of emails between the district clerk and counsel for real party in interest, counsel requested the district clerk to file the Minnesota order as a foreign order, not a foreign judgment, and to correct the

---

[1] In addition to addressing the issue of discovery from relator, the Minnesota pretrial order addressed discovery issues regarding A.G. Edwards and Larry Dunnahoe, a Texas CPA.  The Minnesota order also rescheduled the pretrial hearing and trial dates.

notice previously sent on April 21, 2009. On May 20, 2009, the district clerk sent notice of filing of foreign order in cause number 09-1044-F425 to Raymond Graf.

Real party in interest issued a subpoena duces tecum on April 27, 2009, and relator filed a plea to the jurisdiction, motion to quash and for protective order. After a hearing on May 26, 2009, the trial court entered the discovery order that is the subject of this original proceeding.[2] In its order, the trial court "clarified" the Minnesota order and ordered relator to produce the documents sought by real party in interest on or before 5:00 p.m. June 30, 2009. The trial court thereafter extended the time for production until 5:00 p.m. on July 10, 2009, and relator sought mandamus relief.[3]

## DISCUSSION

Relator raises three complaints about the trial court's discovery order. Relator contends that the trial court abused its discretion in granting discovery when the Minnesota court did not issue a "mandate, writ, or commission" in compliance with Texas law and the Texas Rules of Civil Procedure. Relator also contends that the trial court abused its discretion by altering the Minnesota order under the guise of "clarifying" that order and by ordering the production of voluminous bank records without a prior *in camera* inspection.

We observe that an order for discovery that is contrary to Texas law or the Texas Rules of Civil Procedure is reviewable by mandamus. *See, e.g.*, *In re Amer. Optical*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) ("An order compelling discovery that is

---

[2] The trial court's order was signed on June 11, 2009, and filed the next day.

[3] Relator also sought an emergency stay, which this Court granted on July 8, 2009.

well outside the proper bounds is reviewable by mandamus."); *Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding) (granting mandamus to overrule location of deposition of Sam Walton). To obtain mandamus relief, relator must show that the trial court clearly abused its discretion and that there is no adequate remedy. *See In re McAllen Med. Ctr.*, 275 S.W.3d 458, 462, 464-69 (Tex. 2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). When, as here, mandamus proceedings arise out of the trial court's interpretation of statutes or legal rules, our review is to be conducted with limited deference to the trial court. *Walker*, 827 S.W.2d at 840. Because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts," erroneous analysis or application of the law "will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

To facilitate discovery in Texas for use in a foreign jurisdiction—i.e., in another state or country—Texas law provides what is known as a "helping" statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 20.002 ("Testimony Required by Foreign Jurisdiction"). Section 20.002 states:

> If a court of record in any other state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's testimony in this state, either to written questions or by oral deposition, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this state.

*Id.* In addition, Rule 201.2 of the Texas Rules of Civil Procedure provides:

> If a court of record of any other state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's oral or written deposition testimony in this

4

State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State.

Tex. R. Civ. P. 201.2.

Relator argues that real party in interest has failed to comply with the statute and rule because the Minnesota court has not issued a "mandate, writ, or commission" within the meaning of the statute or rule. Real party in interest responds that the terms "mandate," "writ," and "commission" are used interchangeably in the statute and rule and that the Minnesota order is a mandate within the meaning of the statute and rule. Real party in interest further responds that whether the Minnesota court order is a "mandate, writ, or commission" within the meaning of the statute and rule is a question of fact to be decided by the trial court.

To decide whether to grant the discovery sought by real party in interest, the trial court was required to interpret section 20.002 of the civil practices and remedies code and rule 201.2 of the rules of civil procedure. Our review of the trial court's interpretation thus presents a question of statutory construction, which is a question of law, not fact. *See, e.g.*, *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *see also Walker*, 827 S.W.2d at 840. By its use of the terms "mandate, writ, or commission," the legislature has signaled a specific meaning and intent of the statute and rule, and it is our job to discern this intent from the words chosen by the legislature. *See Shumake*, 199 S.W.3d at 284; *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

The Texas statute and rule expressly authorize relator to seek discovery from a Texas resident for use in a foreign jurisdiction only if the court of record in that jurisdiction has issued a

"mandate, writ, or commission." Real party in interest argues—and the trial court agreed—that the Minnesota order was a "mandate, writ, or commission" within the meaning of the statute and rule. But these terms are legal terms of art with specific meanings in the discovery context,[4] and the Minnesota court recognized as much in its February 10th order. By its plain terms, that order states, "A writ shall be issued to the State of Texas . . . ." But nothing in the record before us demonstrates that the Minnesota court ever issued a writ to the State of Texas as contemplated in its order. Because the Minnesota order is phrased in the future tense—"a writ *shall be issued*"—we cannot construe that order to be the "mandate, writ, or commission" contemplated under section 20.002 or Rule 201.2. *See, e.g.*, *In re Prince*, No. 14-06-00895-CV, 2006 Tex. App. LEXIS 10558, at *2 (Tex. App.—Houston [14th Dist.] 2006) (orig. proceeding) (California court issued commission for Harris County trial court to issue subpoena for production of documents and for Prince's oral deposition); *Warford v. Childers*, 642 S.W.2d 63, 65 (Tex. App.—Amarillo 1982) (Hawaiian trial court issued commission to take deposition of Childers, a Lubbock, Texas, police officer in Lubbock). Stated differently, the plain language of the Minnesota order contemplates further action on the part of the Minnesota court. As a result, we cannot construe that order to be the "mandate, writ, or commission" as contemplated in the statute and rule.

Although a court has the power and duty to control the discovery process, it may only do so within the confines of the rules of civil procedure. *See In re Guzman*, 19 S.W.3d 522, 525 (Tex. App.—Corpus Christi 2000, orig. proceeding). Because real party in interest seeks discovery

---

[4] *See* 25B Am. Jur. *Pleading & Practice Forms* §§ 36 (motion for order granting commission to depose witness in foreign state or country), 48 (commission to take deposition in foreign state or country) (Rev. ed. 2001).

from relator, who is a nonparty to the underlying divorce proceeding, we cannot excuse real party in interest's failure to comply with the express requirements of the statute and rule. *See In re Prince*, 2006 Tex. App. LEXIS 10558, at *9-11 (identifying and explaining different standards under Texas rules for compelling discovery from parties versus nonparties). In the absence of a "mandate, writ, or commission" within the meaning of section 20.002 and rule 201.2, the trial court abused its discretion in ordering relator's production of documents.[5] *See Walker*, 827 S.W.3d at 840 (trial court's failure to correctly analyze and apply the law constitutes an abuse of discretion). We, therefore, conditionally grant relator's petition for writ of mandamus and instruct the trial court to vacate its discovery order. The writ will issue only if the trial court does not comply with this opinion.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Henson
   Dissenting Opinion by Justice Henson

Filed: July 10, 2009

_____

[5] Because we conclude that the trial court abused its discretion in ordering discovery from relator in the absence of a "writ, mandate, or commission" within the meaning of the statute and rule, we do not reach relator's additional grounds for mandamus relief.

7