**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Majority and Dissenting Opinions filed July 2, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00274-CV**

---

## IN RE PREVENTATIVE PEST CONTROL HOUSTON, LLC AND NICHOLAS ANTHONY CHARLES, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-01076**

---

## MAJORITY OPINION

Relators Preventative Pest Control Houston, LLC and Nicholas Anthony Charles (collectively, the "Pest Control Parties") have filed a petition for writ of mandamus. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. They

ask this court to compel the Honorable Donna Roth, presiding judge of the 295th District Court of Harris County, to vacate the orders she signed on February 25, 2019 and March 25, 2019, compelling the Pest Control Parties to create lists to satisfy requests for production. They also claim that the trial court abused its discretion by awarding attorney's fees to the real party in interest, Karen Ackerman, as a discovery sanction. We conditionally grant the petition, in part, and deny it, in part.

## I. BACKGROUND

Charles, an employee of Preventative Pest Control, was driving a truck owned or leased by the company when he hit Karen Ackermann as she was crossing a street on foot. Ackermann sued the Pest Control Parties for negligence. In that litigation Ackermann filed a motion to compel requesting the trial court to order the Pest Control Parties to produce the following in response to her requests for production: (1) Charles's worker's compensation file; (2) a signed authorization from Charles allowing Ackermann to get his prior employment records and to disclose the names of previous employers; (3) Charles's work service records covering the period of his employment at Preventative Pest Control; (4) Preventative Pest Control's files regarding any other motor-vehicle accidents for the two-year period before the accident; and (5) a signed authorization allowing Ackermann to get Charles's Sprint Nextel records. Ackermann sought an order from the trial court compelling the Pest Control Parties to supplement their answers to all discovery requests, including Ackerman's fourth set of discovery.

2

The Pest Control Parties responded that Ackermann had requested a preferential trial setting on five occasions and represented that she was ready to try the case. They pointed out that the discovery deadlines for earlier docket-control orders had passed, and Ackerman had obtained almost every document in existence with respect to the issues in the motion to compel. The trial court granted Ackermann's motion, in part.

*The Production Order*

The trial court ordered the Pest Control Parties to produce the following items to satisfy Ackermann's requests for production within ten days of the date of the court's order signed February 25, 2019 ("Production Order"): (1) a list of medications taken by Charles during the 24-hour period before the accident ("Medications List"); and (2) a list of Charles's employers for the ten-year period before the accident ("Employers List"); (3) Charles's work service records for the 14-day period before the accident ("Work Service Records"); and (4) a signed authorization allowing Ackermann to get Sprint Nextel records for Charles. The trial court also ordered the Pest Control Parties to supplement and answer all discovery requests, including Ackermann's fourth set of discovery. The trial court denied Ackermann's request for Charles's worker's compensation file, a signed employment authorization allowing Ackermann to get Charles's prior employment records, and Preventative Pest Control's files regarding any other motor-vehicle accidents for the two-year period before the accident.

The Pest Control Parties responded to the court-ordered discovery by (1) stating that no Medications List existed; (2) stating that no Employers List existed;

and (3) attaching to their response the Work Service Records. Ackermann later filed a motion to show cause for the Pest Control Parties' purported failure to comply with the Production Order. According to Ackermann, the Pest Control Parties' response that no Medications List and no Employers List existed violated the Production Order. Ackermann also complained that the Pest Control Parties had not supplemented or answered all outstanding discovery requests.

*The Show Cause Order*

The trial court signed an order on March 25, 2019 ("Show Cause Order"), granting Ackermann's motion to show cause for the Pest Control Parties' failure to comply with the Production Order. In the Show Cause Order, the trial court ordered the Pest Control Parties to produce a Medications List and an Employers List and to fully answer Ackermann's fourth set of discovery. The trial court also ordered the Pest Control Parties to pay Ackermann $1,500 for costs and expenses for having to file the motion to show cause. The trial court advised the parties that it would consider other sanctions, including the striking of the Pest Control Parties' pleadings, if they did not comply with the Show Cause Order.

*Request for Mandamus Relief*

In this mandamus proceeding, the Pest Control Parties assert that the trial court abused its discretion by ordering them to create lists that do not exist and by awarding attorney's fees to Ackermann as a sanction. They assert they do not have an adequate remedy by appeal.

4

## II. STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relators must show that the trial court abused its discretion and that they lack an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). The parties resisting discovery bear the burden of showing an abuse of discretion and an inadequate remedy by appeal. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or the trial court clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if it orders discovery that exceeds what the rules of civil procedure permit. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 130–31 (Tex. 2018); *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017).

Courts are to assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balancing depends in large measure on the circumstances presented, courts look to principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). Whether an appeal amounts to an adequate remedy depends heavily on the circumstances. *In re Garza*, 544 S.W.3d 836, 840

(Tex. 2018) (orig. proceeding) (per curiam). Mandamus review may be necessary to prevent the loss of substantive or procedural rights. *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam).

### III. DISCOVERY

The Pest Control Parties complain that the trial court abused its discretion by ordering them to produce lists that do not exist. Under Texas procedure, litigants are not required to produce documents or tangible things unless those items lie within their possession, custody, or control. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 942 (Tex. 1998) (orig. proceeding); *see also* Tex. R. Civ. P. 192.3 ("A person is required to produce a document or tangible thing that is within the person's possession, custody, or control."). A document that does not exist is not within a party's possession, custody, or control. *Colonial Pipeline Co.*, 968 S.W.2d at 942. Therefore, parties cannot be forced to create documents that do not exist for the sole purpose of complying with a request for production. *McKinney v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 772 S.W.2d 72, 73 n.2 (Tex. 1989); *In re Jacobs*, 300 S.W.3d 35, 46–47 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]); *In re Guzman*, 19 S.W.3d 522, 525 (Tex. App.—Corpus Christi 2000, orig. proceeding) (citing Tex. R. Civ. P. 192.3(b)). Yet, the trial court ordered the Pest Control Parties to do just that.

Ackermann contends that the rule that one cannot be forced to create a document that does not exist is based on Texas Rule of Civil Procedure 166b(2)(b),

which was repealed effective January 1, 1999. *See GTE Comm'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 728–29 (Tex. 1993) (original proceeding) ("A person is not required to produce a document or tangible thing unless it is within the person's possession, custody or control. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. . . .") (quoting former Tex. R. Civ. P. 166b(2)(b))). But, current Rule 192.3(b) provides that "[a] person is required to produce a document or tangible thing that is within the person's possession, custody, or control." Tex. R. Civ. P. 192.3(b). Under Rule 192.3(b), one cannot be forced to create a document that does not exist solely to comply with a request for production. *Guzman*, 19 S.W.3d at 525 (citing Tex. R. Civ. P. 192.3(b)). This court's precedent holds the same. *See Jacobs*, 300 S.W.3d at 46–47.

Despite the trial court's order for the Pest Control Parties to create lists going against both the plain language of the rules and this court's precedent, Ackermann posits that ordering the Pest Control Parties to create lists amounted to a reasonable and proportionate decision for the equitable adjudication of the case. Specifically, she argues that by applying Rule 192.4's[1] proportionality factors, the trial court did not abuse its discretion by ordering the creation of the lists. *See In re State Farm Lloyds*, 520 S.W.3d 595, 604, 608–12 (Tex. 2017) (orig. proceeding). The Supreme Court of Texas has set forth the following proportionality factors: (1) the likely

---

[1] Tex. R. Civ. P. 192.4. Rule 192.4 provides a trial court should limit discovery methods to those which are more convenient, less burdensome, and less expensive, or when the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

benefit of the requested discovery; (2) the needs of the case; (3) the amount in controversy; (4) the parties' resources; (5) the importance of the issues at stake in the litigation; (6) the importance of the proposed discovery in resolving the litigation; and (7) any other articulable factor bearing on proportionality. *Id.* In identifying these factors the high court recognized that "all discovery is subject to the proportionality overlay embedded in our discovery rules," and "the discovery rules imbue trial courts with the authority to limit discovery based on the needs and circumstances of the case[.]" *Id.* at 599. But, in today's case the trial court has not limited discovery methods. Instead, the trial court has ordered production of documents in response to a specific request for production that exceeds what the discovery rules allow. The rules do not permit a trial court to order parties to create documents for the purposes of discovery. *See* Tex. R. Civ. P. 192.3(b); *Colonial Pipeline Co.*, 968 S.W.2d at 942; *McKinney*, 772 S.W.2d at 73 n.2; *Jacobs*, 300 S.W.3d at 46–47; *Guzman*, 19 S.W.3d at 525. Nothing in Rule 192.4 allows the trial court to order discovery that exceeds what the applicable rules of discovery permit.

*Abuse of Discretion*

The trial court exceeded the proper scope of discovery by going beyond what the rules of civil procedure permit. *See N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d at 130–31 (stating that it is an abuse of discretion for the trial court to order discovery that exceeds what the rules of civil procedure permit); *Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 802 (stating that a discovery order that compels production beyond what the rules of procedure allow amounts to an abuse of discretion). Therefore, the trial court abused its discretion by directing the Pest Control Parties

8

to create a Medications List an Employers List solely for purpose of responding to discovery. *See Colonial Pipeline Co.*, 968 S.W.2d at 942; *Jacobs*, 300 S.W.3d at 46–47; *Guzman*, 19 S.W.3d at 525. Having determined that the trial court abused its discretion by ordering the Pest Control Parties to create the lists, we now turn to consider whether they have an adequate remedy by appeal.

### *No Adequate Remedy by Appeal*

An adequate remedy by appeal does not exist when parties stand to lose a substantive or procedural right. *Reece*, 341 S.W.3d at 374. The Pest Control Parties risk losing the right not to be forced to create lists—an action the trial court cannot order under the Texas Rules of Civil Procedure and governing precedent. *See* Tex. R. Civ. P. 192.3(b); *Colonial Pipeline Co.*, 968 S.W.2d at 942; *McKinney*, 772 S.W.2d at 73 n.2; *Jacobs*, 300 S.W.3d at 46–47; *Guzman*, 19 S.W.3d at 525. This error cannot be cured on appeal because by the time of the appeal, the Pest Control Parties already will have created the lists. *See Dana Corp.*, 138 S.W.3d at 301. Under the circumstances presented, the Pest Control Parties lack an adequate remedy by appeal as to the portions of the orders directing them to create the Medications List and the Employers List.[2]

### III. SANCTIONS

The Pest Control Parties also complain that the $1,500 assessment of costs and fees amounts to an arbitrary punishment and violates due process. Ordinarily,

---

[2] The Pest Control Parties do not challenge the portions of the orders directing them to supplement and answer all of Ackermann's discovery requests, including her fourth set of discovery requests.

relators have an adequate remedy by appeal from an order awarding sanctions. *In re RH White Oak, LCC*, 442 S.W.3d 492, 503 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. denied]) (citing *Braden v. Downey*, 811 S.W.2d 922, 928 (Tex. 1991) (orig. proceeding)). But, when a monetary sanction is so severe as to threaten their continuation of litigation, an appeal stands as an adequate remedy only if the trial court defers payment until final judgment when the sanctioned parties can supersede the judgment and perfect an appeal. *Id.* (citing *Prime Group, Inc. v. O'Neill*, 848 S.W.2d 376, 378–79 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding)). Though the trial court did not defer payment of the sanctions in this case, the Pest Control Parties have not made the necessary allegations and showing to trigger that exception to the general rule that an appeal from an order awarding sanctions provides an adequate remedy

The Pest Control Parties assert only that the trial court's monetary sanctions amount to arbitrary punishment and violate due process, not that the sanction is so severe as to threaten their ability to continue litigation. Thus, the Pest Control Parties have not shown that they lack an adequate remedy by appeal. *See id.* at 503–04 (holding that the relators did not show that they lacked an adequate remedy on appeal where they failed to explain why the sanctions were so severe as to threaten their ability to continue litigation); *In re Christus Health*, 276 S.W.3d 708, 709 n.2 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied]) (holding that the relators did not establish an adequate remedy by appeal as to monetary sanctions because they only contended that such sanctions were an abuse of discretion). Because they have failed to make this showing, we need not address in this

proceeding whether the trial court abused its discretion by awarding Ackermann the $1,500 assessment of costs and fees as a sanction.

## IV. CONCLUSION

We conclude that the trial court abused its discretion by ordering the Pest Control Parties to create a Medications List and an Employers List. We therefore conditionally grant the petition for writ of mandamus in part and direct the trial court to set aside those portions of the Production Order and the Show Cause Order. We deny the remainder of the petition for mandamus relief. The writ will issue only if the trial court fails to act in accordance with this opinion.

We lift the stay this court issued on April 2, 2019.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot. (J., Bourliot, dissenting).

11