

# NUMBER 13-19-00384-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CITY OF PHARR, TEXAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Contreras[1]

Relator, the City of Pharr, Texas, filed a petition for writ of mandamus in the above cause on August 9, 2019. Through this original proceeding, relator seeks to compel the trial court to vacate its June 14, 2019 order denying relator's motion to compel discovery. Relator specifically argues that the trial court abused its discretion in refusing to compel the real parties in interest, Noel Garcia and Martha Lira, to sign authorizations in response to relator's requests for production, thereby allowing relator to obtain their health care records, employment records, and tax records.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. To determine if there is an adequate remedy by appeal, we balance the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding). A party lacks an adequate remedy by appeal with regard to an order denying discovery when: (1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) the missing discovery cannot be made a part of the appellate record. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 942 (Tex. 1998) (orig. proceeding) (per curiam); *In re Preventative Pest Control Houston, LLC*, No. 14-19-00274-CV, 2019 WL 2897542, at *3, __ S.W.3d __, __ (Tex. App.—Houston [14th Dist.] July 2, 2019, orig. proceeding); *In re Jacobs*, 300 S.W.3d 35, 46–47 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]); *In re Guzman*, 19 S.W.3d 522, 525 (Tex. App.—Corpus Christi–Edinburg 2000, orig. proceeding); *see*

2

*also* TEX. R. CIV. P. 192.3.  Accordingly, we deny the petition for writ of mandamus.  *See*

TEX. R. APP. P. 52.8(a).

DORI CONTRERAS
Chief Justice

Delivered and filed the 5th
day of September, 2019.