**Opinion issued November 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00530-CV

_____

## IN RE NIKKI LAUREN MORGAN, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Nikki Lauren Morgan filed a petition for writ of mandamus to compel the trial court to vacate its June 13, 2016 order requiring her to produce certain medical records in her divorce proceeding.[1]  In two issues, she argues that the trial court abused its discretion in determining that the litigation exception to the physician-

---

[1]     The underlying case is *In the Matter of the Marriage of Nathaniel Bradford Morgan and Nikki Lauren Morgan*, cause number 15-DCV-220434, pending in the 328th District Court of Fort Bend County, Texas, the Honorable Ronald Pope, presiding.

patient privilege applied and in ordering production based on that exception. We agree and grant the petition.[2]

## Background

Nathaniel Morgan filed a petition for divorce from Nikki Morgan. In his second amended original petition, Nathaniel asked that the couple be appointed joint managing conservators of their children but that he be designated the conservator with the exclusive right to designate the children's primary residence. He also asked that Nikki be ordered to pay support and medical support. On March 8, 2015, the parties signed a mediated settlement agreement for temporary orders in which the parties agreed to be temporary joint managing conservators.

In January 2016, Nathaniel propounded his first set of written interrogatories and a request for production of documents, including a request for Nikki's "medical, psychological, and psychiatric treatments, consultations, or diagnoses . . . including but not limited to any prescriptions, since January 1, 2011." Nikki objected that the medical records request exceeded the scope of discovery, was unduly burdensome, and sought records protected by the physician-patient privilege. Nathaniel subsequently filed a motion to compel and for sanctions. A hearing was held in April 2016. The trial court signed an order in June 2016, in which it made the

---

[2]    A response was requested from Nathaniel Morgan, but none was filed.

2

following findings with respect to request for production number 36 and the claim of privilege:

a) The parties stipulate, and the Court FINDS, that certain documents sought in Petitioner's Request for Production number 36 are privileged pursuant to Texas Rule of Evidence 509.

b) The court further FINDS that Petitioner relies upon Respondent's physical condition as part of Petitioner's claim or defense and that the communication or record sought is relevant to that condition, and accordingly, that the exception set forth in Texas Rule of Evidence 509(e)(4) applies.

c) Pursuant to the Court's order, on April 26, 2016, Respondent tendered documents Bates labeled NLM 01623–NLM 01636 (the "records") to the Court for *in camera* inspection. The documents are the records of Respondent's treatment for Reflex Sympathetic Dystrophy (RSD)[3] by Pain and Health Management from November 11, 2015 through March 02, 2016.

d) On April 28, 2016, after conducting an *in-camera* inspection, the Court ordered the documents Bates Labeled NLM 010623–NLM 01636 produced in full.[4]

The June order states, "The parties stipulate that [Nikki] may seek mandamus review of the above findings and orders . . . ." The order further states that the parties

---

[3] Reflex Sympathetic Dystrophy is a disorder marked by "pain, swelling, and motor and sensory disturbances especially of an extremity, and that is often considered a type of complex regional pain syndrome in which peripheral nerve injury has not been identified." MERRIAM-WEBSTER DICTIONARY, www.merriam-webster.com/medical/reflex%20sympathetic%20dystrophy.

[4] In finding (d), the court states it conducted an *in camera* inspection and ordered documents produced in April 2016. The mandamus record contains no April 2016 order. Regarding this, Nikki states in her amended petition: "After several motions to compel, and Relator's motions to reconsider the court's ruling and to clarify the court's ruling, on June 13, 2016, the court signed an order . . . ." This is Nikki's only reference to prior rulings.

3

have stipulated that there are additional records that relate to Nikki's "nerve disorder or anything tangentially related to, or . . . caused by the treatment of a nerve disorder."

After the April hearing on Nathaniel's motion to compel, but before the June order, Nikki filed her first amended counter-petition for divorce, in which she sought to be appointed sole managing conservator with the exclusive right to designate primary residence of the children, make educational decisions, and consent to medical, dental, and mental health treatment. In response, Nathaniel filed a third amended petition on June 26, 2016, contending that he should be appointed sole managing conservator.

## Standard of Review

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). Generally, appellate courts find an abuse of discretion if the trial court's action was either "without reference to any guiding rules and principles" or "arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled." *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 405 (Tex. App.—El Paso 2010, orig. proceeding) (citing *Prudential*, 148 S.W.3d at 135).

4

A trial court's clear failure to analyze or apply the law correctly is an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

The scope of discovery is within the trial court's discretion. *See Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985). Thus, decisions concerning the applicability of a privilege are reviewed for an abuse of discretion. *See Smith v. Gayle*, 834 S.W.2d 105, 107 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (citing *Walker*, 827 S.W.2d at 839–40).

**The Litigation Exception to the Physician-Patient Privilege is Inapplicable**

In her first issue, Nikki contends that no pleading demonstrates reliance on a medical condition sufficient to invoke the litigation exception to the physician-patient privilege. The physician-patient privilege is intended to facilitate full communication between patients and their physicians and to prevent disclosure of personal information to third parties. *See R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). This privilege is limited by exceptions, including a "litigation exception," which applies when "any party relies on the patient's physical, mental, or emotional condition as part of the party's claim or defense and the communication or record is relevant to that condition." TEX. R. EVID. 509(e)(4), 510(d)(5).

This exception applies when "(1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some

legal significance." *Ramirez*, 887 S.W.2d at 843. Both parts of the test must be satisfied. *Id.* Even if both parts of the test are satisfied, when requested, the trial court must perform an *in camera* inspection and ensure that production is no broader than necessary. *Id.*; *M.A.W. v. Hall*, 921 S.W.2d 911, 914–15 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding).

The court reviews the pleadings to determine whether the requested medical records are relevant to a medical or mental condition at issue in the case. *See Ramirez*, 887 S.W.2d at 844. The test is not simply whether the condition is relevant "because any litigant could plead some claim or defense to which a patient's condition could arguably be relevant and the privilege would cease to exist." *In re Union Pac. R.R. Co.*, 459 S.W.3d 127, 130 (Tex. App.—El Paso 2015, orig. proceeding.). Nor is the test satisfied "if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an 'ultimate' issue for a claim or defense, or if the condition is merely tangential to a claim rather than 'central' to it." *Ramirez*, 887 S.W.2d at 842. Instead, the condition must be so central as to require the jury, as part of its determination of the claim or defense, to "make a factual determination concerning the condition itself." *Id.* at 843.

When this ultimate-issue test is not satisfied, it is an abuse of discretion to order production of the medical records. *See Union Pac.*, 459 S.W.3d at 133. In *Union Pacific,* the plaintiff sought discovery of a party's medical records concerning

her admitted medications for diabetes, cholesterol, and nicotine withdrawal, as well as her treatment for sleep apnea. *See id.* at 128–29. The trial court abused its discretion when it ordered production of the records regarding treatment for sleep apnea because her condition was not an ultimate issue and its tangential relevance to the negligence claims was insufficient to establish the litigation exception. *Id.* at 133; *see also In re Doe*, 22 S.W.3d 601, 610 (Tex. App.—Austin 2000, orig. proceeding) (holding litigation exception to physician-patient privilege inapplicable because plaintiff's claim of negligence, including request for mental-anguish damages, did not allege "severe emotional condition" to place mental condition at issue); *In re Nance*, 143 S.W.3d 506, 512–13 (Tex. App.—Austin 2004, orig. proceeding) (granting mandamus relief because decedent's mental-health records, though they might present intermediate fact issue, were not part of ultimate issues in medical negligence case); *but see In re A.*, No. 09–06–471–CV, 2006 WL 3823946, at *2 (Tex. App.—Beaumont Dec. 28, 2006, orig. proceeding) (holding that, even though no pleadings apparently raised issue of substance abuse, father's medical records regarding substance-abuse treatment were relevant to issue of children's best interest and upholding limited production).

In its June order, the trial court ruled that Nathaniel "relies upon [Nikki's] physical condition as part of [his] claim or defense" and the documents are relevant to that condition. But Nathaniel's pleadings contain no allegation that a medical

7

condition affects Nikki's suitability as a conservator. Nor do Nikki's pleadings raise any issue concerning her medical condition. The only mention of Nikki's medical condition or treatment is in Nathaniel's request for production of documents concerning Nikki's treatment for RSD. Thus, although the trial court found that Nathaniel relies on Nikki's condition as part of his claim or defense and the medical records are relevant to that condition, the record does not support that finding. Because no pleading contains a claim or defense mentioning Nikki's medical condition or treatment for RSD, the trial court abused its discretion in concluding that the litigation exception applies and in ordering production of Nikki's medical records concerning her RSD.

In her second issue, Nikki claims that the trial court's order is not in compliance with *Ramirez* because it is overbroad. *See Ramirez*, 887 S.W.2d at 844. Having found that the trial court abused its discretion in ordering production of Nikki's medical records regarding her treatment for RSD, we need not reach this issue.

We conditionally grant the petition and direct the trial court to vacate the portion of its order of June 13, 2016, requiring production of medical records concerning Nikki's treatment for RSD. We are confident the trial court will promptly comply. The writ will issue only if it does not.

Harvey Brown
Justice

Panel consists of Justices Jennings, Keyes, and Brown.