

# NUMBER 13-20-00105-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LUIS FERNANDO FLORES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

In this original proceeding, relator Luis Fernando Flores contends that the trial

court[2] abused its discretion by compelling him to execute an authorization allowing the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2019-CCL-00038 in the County Court at Law No. 2 of Cameron County, Texas, and the respondent is the Honorable Laura Betancourt. *See id.* R. 52.2.

real party in interest, Gloria Idalia Cardona, to obtain his military records. We agree with relator and conditionally grant mandamus relief.

## I. BACKGROUND

In the underlying personal injury case, relator and Anna Victoria Silva brought suit against Cardona for personal injuries that they sustained in an automobile collision. Silva is not a party to this original proceeding. According to relator's amended original petition, the incident giving rise to the lawsuit occurred as follows:

> On or about November 8, 2018, Plaintiff Luis Fernando Flores, was operating his motor vehicle and traveling northbound near the 800th block of North Frontage Road of US Highway 77 in Brownsville, Cameron County, Texas. Plaintiff Anna Victoria Silva was a passenger in the vehicle driven by Plaintiff Flores.
>
> At all times relevant, Defendant Gloria Cardona was operating a motor vehicle headed northbound on the Frontage Road. Suddenly and without warning, Defendant Gloria Cardona attempted to merge into Plaintiff's lane of travel but failed to change lanes when safe, keep a proper lookout, and violently collided with the Plaintiff's vehicle. As a result of the collision, the Plaintiffs sustained severe bodily injuries.

Relator sought damages for past and future medical care and expenses, physical pain and suffering, physical impairment, future disfigurement, and "medical monitoring and prevention." Cardona filed a general denial, which included affirmative defenses and requests for disclosure.

Cardona thereafter filed a "Motion for Court to Execute Standard Form 180 Request for Military Records of [Relator]." In her one-page motion, Cardona alleged that execution of the form was "required" before the "United States Military" would release relator's records. Cardona offered no rationale for her request and provided no argument or authority in support of her motion. As "Exhibit A" to her motion, Cardona attached an "Instruction and Information Sheet for SF 180, Request Pertaining to Military Records,"

2

and a blank "Standard Form 180, Request Pertaining to Military Records" (SF 180). The SF 180 contains several options for the applicant to select the specific items being requested: (1) "DD Form 214 or equivalent," which are "items normally needed to verify military service"; (2) "Medical Records," which include "Service Treatment Records, Health (outpatient), and Dental Records"; and (3) "Other"; with a blank line allowing the applicant to specify the particular records needed.

Relator filed a motion in opposition to Cardona's pleading. Relator alleged that Cardona had not sought the records through a method authorized by the rules of civil procedure, and he had not had the opportunity to formally object and otherwise respond to her request. He further alleged that Cardona's request sought irrelevant information and was overbroad, and her request was not supported by good cause:

> Specifically, Plaintiff testified that he joined the [United States] Navy Reserve in the Summer of 2018. He completed an initial physical test exam during the Summer of 2018 and did not complete another physical test [until] April or May of 2019. . . . The relevant treatment Plaintiff received for the car crash at issue occurred during November 2018—February 2019 and therefore Plaintiff's military records are not relevant, nor will they provide insight into Plaintiff's injuries.

Relator provided excerpts from his deposition in support of his opposition. In relator's deposition excerpts, relator testified that he passed the Reserve's "physical" consisting of push-ups, sit-ups, and running in May 2019. Relator further argued that Cardona's request "provides no time frame and no limiting instructions as to what medical records are being specifically sought," and that Cardona was "in essence requiring a blanket release of all [relator's] medical records" regardless of their relevance to "the injuries claimed in the instant cause." Relator argued that the release was "not tailored to a specific time frame" or "limited solely to the condition at issue." Relator also contended

3

that the trial court could not require a party to sign a blanket or "global" authorization for all medical records, and instead, "the authorization must be drawn to require production of records reasonably related to the issues in the case." Relator also argued that the release infringed upon his patient-physician privilege. Finally, citing and discussing this Court's opinion in *In re Guzman*, 19 S.W.3d 522, 525 (Tex. App.—Corpus Christi–Edinburg 2000, orig. proceeding), and noting its holding that a trial court cannot force a party to create documents which do not exist, relator asserted that Cardona sought the "creation of authorizations" similar to those in *Guzman* insofar as she sought "an open-ended Military Form with no time frame and no limiting instructions as to what medical records are being specifically sought." Relator requested that the trial court deny Cardona's motion, or alternatively, conduct an in camera inspection of the requested records to determine their relevance.

The trial court held a non-evidentiary hearing on Cardona's motion for execution of the SF 180. According to argument presented at the hearing, the hearing had been previously reset to allow Cardona to send relator a request for production seeking the records. At the time of the hearing, Cardona had sent the request for production and relator had filed objections to that request. Cardona's second set of requests for production include one request for production: "Execute the attached Military Records Authorization." The attached SF 180 is partially completed and the box next to "Medical Records" is checked. Relator responded to this request for production by stating: "OBJECTION. Plaintiff objects to this request in that it violates his privacy rights, [is] overly broad, and [is] not reasonably calculated to lead to the discovery of admissible evidence."

At the hearing, Cardona argued that relator joined the Reserve in June 2018, the

4

accident happened in November 2018, relator would have undergone a military physical in approximately December 2018, and the physical would reflect relator's physical condition at that time. In contrast, relator urged that the military records were irrelevant because relator had recovered from the injuries that he sustained in the automobile accident in approximately February 2019 after receiving treatment for his injuries. Relator argued that the request was a "fishing expedition" and that he could not be compelled to execute an authorization in response to a request for production. At the conclusion of the hearing, the trial court took the issue under advisement.

On January 29, 2020, the trial court signed an order granting Cardona's motion. The trial court's order specifically grants Cardona's "Motion for Court to Execute Standard Form 180 Request for Military Records," but does not address Cardona's request for production, does not circumscribe the records to be produced pursuant to the SF 180, and does not require an in camera review of any records obtained through use of the SF 180.

This original proceeding ensued. By one issue, relator contends that the trial court abused its discretion by compelling him to execute the authorization and that he lacks an adequate remedy by appeal. This Court requested and received an amended response to the petition for writ of mandamus from Cardona. Through her first amended response, Cardona alleges that the trial court did not abuse its discretion because the authorization was limited in scope to medical records from the Reserve and it was limited in time from June 2018 to present. She alleges that the authorization seeks relevant discovery because relator was treated for his alleged back injuries during this period of time and relator testified that, at the same time, he underwent medical physicals measuring his

5

fitness and overall health in the Reserve. She alleges that the trial court order required relator to sign an "appropriately limited" authorization rather than a blank one, and that her request sought relevant information and was reasonably calculated to lead to the discovery of admissible evidence. She supported her response with relator's medical records, which were not apparently presented to the trial court,[3] and the requests for production and response referenced previously. Relator filed a reply to Cardona's response reiterating the arguments made in support of his request for mandamus relief.

## II.    STANDARD FOR MANDAMUS RELIEF

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of

---

[3] With limited exceptions, we review the actions of the trial court based on the record before the court at the time it makes its ruling. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding); *Sabine OffShore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding); *Hudson v. Aceves*, 516 S.W.3d 529, 539–40 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (combined app. & orig. proceeding); *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). Accordingly, we do not utilize the medical records in our review.

6

mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The scope of discovery is generally within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). Nevertheless, a discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam). A party lacks an adequate remedy by appeal with regard to an order denying discovery when: (1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) the missing discovery cannot be made a part of the appellate record. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998)

7

(orig. proceeding).

### III. DISCOVERY

"Parties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). Parties may seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a); *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. The phrase "relevant to the subject matter" is to be broadly construed. *Ford Motor Co.*, 279 S.W.3d at 664; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. *See* TEX. R. EVID. 401.

It is not a ground for objection "that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). However, a party's discovery requests must show a reasonable expectation of obtaining information that will aid in the resolution of the dispute. *In re CSX Corp.*, 124 S.W.3d at 152. A request "is not overbroad merely because [it] may call for some information of doubtful relevance" so long as it is "reasonably tailored to include only matters relevant to the case." *Texaco, Inc.*, 898 S.W.2d at 815; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488; *In re Graco Children's Prods., Inc.*, 210 S.W.3d at 600.

We evaluate the relevancy of discovery on a case-by-case basis by considering, among other things, the pleadings and the instrumentality of the alleged injury. *In re Sun*

*Coast Res., Inc.*, 562 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *see also In re Methodist Primary Care Grp.*, No. 14-17-00299-CV, 2017 WL 3480292, at *2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2017, orig. proceeding) (mem. op.). A discovery request is "overbroad" when it encompasses "time periods, products, or activities beyond those at issue in the case" and, therefore, is not "reasonably tailored to include only relevant matters." *In re Alford Chevrolet–Geo*, 997 S.W.2d at 180 n.1 (Tex. 1999) (orig. proceeding); *see also In re Deere & Co.*, 299 S.W.3d at 820; *In re Graco Children's Prods.*, 210 S.W.3d at 600; *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 871 (Tex. App.—Texarkana 2013, orig. proceeding). "[A] discovery request that is unlimited as to time, place, or subject matter is overly broad as a matter of law." *In re United Fire Lloyds*, 578 S.W.3d 572, 580 (Tex. App.—Tyler 2019, orig. proceeding); *see In re Xeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).

## IV.     ANALYSIS

Relator contends that the trial court abused its discretion by ordering him to execute the military authorization because he cannot be forced to create a document that does not exist solely to comply with a request for production. He further contends that the military authorization form is overly broad and would give Cardona access to "his entire military file, without any limitation to time period or relevance to the injuries at issue." In response, Cardona alleges that relator need not "create a document that does not exist," as in *Guzman*, because the authorization at issue here was in existence and completed, save for relator's signature. *See In re Guzman*, 19 S.W.3d at 525 (noting that "the signed authorizations were not in existence at the time of the hearing" and the "effect of the Court's order is to order relator to create the authorizations"). And, as noted previously,

9

Cardona argues that the military records are relevant to relator's physical condition following the automobile accident.

Here, Cardona attached a blank SF 180 Request for Military Records to her motion seeking the records, and the trial court granted that motion without qualification. As stated previously, the SF 180 contains several categories of items that may be requested: (1) "DD Form 214 or equivalent," which are "items normally needed to verify military service"; (2) "Medical Records," which includes "Service Treatment Records, Health (outpatient), and Dental Records"; and (3) "Other; with an option to specify the particular records needed. Although Cardona's request for production attached an SF 180 that had been partially completed so as to request "Medical Records," the trial court's ruling granted Cardona's motion for the military records, and the blank SF 180 attached to that motion contained no such limitation. The trial court's ruling does not reference Cardona's requests for production. The terms of the trial court's order have two implications for our analysis.

First, the trial court did not order relator to create a document that did not exist in response to a request for production insofar as the trial court's order does not address or reference Cardona's request for production, and instead grants Cardona's motion. And, even if the trial court's order had referenced Cardona's requests for production, relator's complaints in this regard were not preserved because he did not object to Cardona's request for production on this basis.[4] *See* TEX. R. CIV. P. 193.2(a) ("A party must make

---

[4] In *Guzman*, we held that the discovery "rules do not permit the trial court to force a party to create documents which do not exist, solely to comply with a request for production." *In re Guzman*, 19 S.W.3d 522, 525 (Tex. App.—Corpus Christi–Edinburg 2000, orig. proceeding). This general proposition is a basic tenet of the law pertaining to discovery. *See, e.g.*, *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 942 (Tex. 1998) (orig. proceeding); *In re Preventative Pest Control Houston, LLC*, 580 S.W.3d 455, 460 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *In re Guzman*, 19 S.W.3d at 525; *see also* TEX. R. CIV. P. 192.3 ("A person is required to produce a document or tangible thing that is within the person's possession,

any objection to written discovery in writing—either in the response or in a separate document—within the time for the response."); *id*. R. 193.2(e) ("An objection that is not made within the time required, or that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown.").

Second, contrary to Cardona's arguments in this original proceeding, it would appear that the discovery at issue is not limited solely to relator's medical records. The trial court's order granted Cardona's motion which included a blank authorization rather than ordering production pursuant to her request for production, which included the partially completed authorization requesting only relator's "Medical Records." The order thus requires relator to sign an authorization for, arguably, all of his military records. Accordingly, given that Cardona was seeking relator's medical records, the order was not reasonably tailored to include only relevant matters and was overbroad. *See*, *e.g.*, *In re CSX Corp.*, 124 S.W.3d at 153; *Fitzgerald v. Rogers*, 818 S.W.2d 892, 895–96 (Tex. App.—Tyler 1991, orig. proceeding).

Based on the applicable law, we would reach a similar conclusion even if we were to conclude that the trial court's order required relator to execute an SF 180 that was limited to relator's medical records. The Texas Rules of Evidence protect from disclosure

---

custody, or control."). In *Guzman*, we also held that the "Texas Rules of Civil Procedures do not authorize a Court to order the creation of an authorization for a third party to deliver information to a litigant." *In re Guzman*, 19 S.W.3d at 525. The scope of this part of *Guzman*'s holding is unclear in the wake of the numerous intervening changes to the rules of civil procedure. At the present time, the discovery rules delineate the only "permissible" forms of discovery. *See* TEX. R. CIV. P. 192.1. However, "[e]xcept where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by the agreement of the parties or by court order for good cause." *Id*. R. 191.1; *see also id*. cmt. 1. Further, for example, Texas Rule of Civil Procedure 194.2 provides that, "in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case," a party may request "all medical records and bills that are reasonably related to the injuries or damages asserted, or, in lieu thereof, an authorization permitting the disclosure of medical records and bills," or "all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party." *See id*. R. 194.2(j), (k). Given our holding in this case, we need not further address this issue here.

confidential communications between a physician and patient and records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician. TEX. R. EVID. 509(c); *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009) (orig. proceeding); *Mutter v. Wood*, 744 S.W.2d 599, 600 (Tex. 1988) (orig. proceeding). The patient or his representative may claim the privilege. TEX. R. EVID. 509(d). An exception to the general rule applies where "any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition." *Id.* R. 509(e)(4). In order for this exception to apply, two conditions must be present: (1) the evidence sought to be admitted must be relevant to the condition at issue; and (2) the condition must be relied upon as part of a party's claim or defense, "meaning that the condition itself is a fact that carries some legal significance." *R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994) (orig. proceeding); *In re Morgan*, 507 S.W.3d 400, 404 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Even where these conditions are met, the trial court must still "ensure that the production of documents ordered, if any, is no broader than necessary, considering the competing interests at stake" by conducting an in camera review of the documents and redacting or otherwise protecting any information not meeting the standard. *Ramirez*, 887 S.W.2d at 843; *see also M.A.W. v. Hall*, 921 S.W.2d 911, 914–15 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding).

Here, neither the parties nor the trial court addressed whether these conditions were met in this case, and the trial court did not order an in camera review of the requested records to determine which records, if any, were relevant to relator's physical condition, and did not limit discovery to those relevant records. *Ramirez*, 887 S.W.2d at

843; *In re Turney*, 525 S.W.3d 832, 836 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (conditionally granting mandamus relief in part and denying it in part where the records were discoverable, but the trial court erred in failing to conduct an in camera review of the medical records to determine their relevance and limit discovery to those relevant records). Accordingly, even if the trial court's order were construed so as to limit the record request to medical records, the order would constitute an abuse of discretion. *See Ramirez*, 887 S.W.2d at 843; *In re Turney*, 525 S.W.3d at 836.

We conclude that the trial court erred in granting Cardona's motion and requiring relator to execute the SF 180. We further conclude that relator lacks an adequate remedy by appeal to address this error. The trial court's discovery order compels production beyond the rules of procedure, which is an abuse of discretion for which mandamus is the proper remedy. *See In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488; *In re Deere & Co.*, 299 S.W.3d at 820. We would further be unable to cure the trial court's error on appeal. *See In re Ford Motor Co.*, 988 S.W.2d at 721. We sustain relator's sole issue.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relator has met his burden to obtain relief. Accordingly, we conditionally grant relief and direct the trial court to vacate its January 9, 2020 order. Our writ will issue only if the trial court fails to comply.

JAIME TIJERINA,
Justice

Delivered and filed the
17th day of April, 2020.

13