

# NUMBER 13-21-00130-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE JON MICHAEL POLLOCK

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides[1]

On April 30, 2021, relator Jon Michael Pollock filed a petition for writ of mandamus through which he contends that the trial court abused its discretion by requiring Pollock to produce his medical and mental health records. In the underlying case, real party in interest Madison Eckles sued Pollock and his employer, Uranium Energy Corporation (Uranium), for personal injury damages following an automobile collision which occurred

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

on August 16, 2019. Contrary to Uranium's policies, Pollock did not report the accident to Uranium, or take a drug test, until four days after the collision. The drug test showed that Pollock tested positive for benzodiazepines, amphetamines, and methamphetamine. In his deposition, Pollock stated that he took prescribed medications Alprazolam and Adderall after the accident, but before the drug test. However, elsewhere in his testimony, Pollock specified that he was not prescribed Adderall until October of 2019. In contending that his medical records were not discoverable, Pollock nevertheless asserted that it was his "position" that Alprazolam and Adderall resulted in the positive drug test results. After a hearing, the trial court ordered a two-year span of Pollock's records, dating from August 25, 2017, to August 25, 2019, to be sealed and submitted for in camera review. This original proceeding ensued.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *Walker*, 827 S.W.2d at 843. "If the trial court issues an erroneous order requiring the production of privileged documents, the party claiming the privilege is left without an adequate appellate remedy*." In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276,

279 (Tex. 2016) (orig. proceeding); *In re Living Centers of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005) (orig. proceeding).

The Texas Rules of Evidence protect from disclosure confidential communications between a physician and patient and records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician. TEX. R. EVID. 509(c); *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009) (orig. proceeding). The patient or his representative may claim the privilege. *See* TEX. R. EVID. 509(d). The physician-patient privilege is intended to facilitate full communication between patients and their physicians and to prevent disclosure of personal information to third parties. *See R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994) (orig. proceeding).

This privilege is limited by certain exceptions, including a "litigation exception," which applies when "any party relies on the patient's physical, mental, or emotional condition as part of the party's claim or defense and the communication or record is relevant to that condition." TEX. R. EVID. 509(e)(4). The Texas Supreme Court has recognized "the exceptions to the medical and mental health privileges apply when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some legal significance." *Ramirez*, 887 S.W.2d at 840, 843; *see In re Morgan*, 507 S.W.3d 400, 404 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

Under this analysis, mere relevance of the records to a claim or defense is insufficient because "virtually any litigant could plead some claim or defense to which a

3

patient's condition could arguably be relevant and the privilege would cease to exist. *Ramirez*, 887 S.W.2d at 842. "Communications and records should not be subject to discovery if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an 'ultimate' issue for a claim or defense, or if the condition is merely tangential to a claim rather than 'central' to it." *Id.* Thus, "[a]s a general rule, a mental [or physical] condition will be a "part" of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself." *Id.* at 843. In other words, "in order to fall within the litigation exception to the privilege, the condition itself must be of legal consequence to a party's claim or defense." *Id.* When these conditions are met, the trial court must still "ensure that the production of documents ordered, if any, is no broader than necessary, considering the competing interests at stake," by conducting an in camera review of the documents, and redacting or otherwise protecting any information not meeting the standard. *Id.* at 843; *see In re Turney*, 525 S.W.3d 832, 841 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, Eckle's response, the applicable law, and the specific facts and circumstances of this case, is of the opinion that relator has failed to meet his burden to obtain relief. *See Ramirez*, 887 S.W.2d at 842–43; *In re Whiteley*, 79 S.W.3d 729, 732 (Tex. App.—Corpus Christi 2002, orig. proceeding [mand. denied]). Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

4

GINA M. BENAVIDES
Justice

Delivered and filed on the
7th day of June, 2021.